MURRAY ENVELOPE CORPORATION *v.* KUNDERD ET AL.

[No. 15,851. Filed March 10, 1938. Rehearing denied April 19, 1938.]

*Raymer & Raymer,* for appellant.

*Church & Chester,* for appellees.

KIME, J.—Appellant brought this action against appellees in two paragraphs to recover on an account against them for $2,277.17 plus interest. The first para-

graph of amended complaint alleged that the goods for which the account was incurred were purchased by Amos E. Kunderd under the name and style of "A. E. Kunderd" and that they were delivered to him at his special instance and request. That about May 12, 1933, he turned over and delivered to A. E. Kunderd, Inc., all his flower and bulb business and all his assets used and employed in said business, and that he withdrew therefrom and did not thereafter personally engage therein. That as part of the consideration for all said business assets the corporation assumed the business liabilities of Amos E. Kunderd and by a letter written June 3, 1933, acknowledged said debt as its own.

The second paragraph contains substantially the same allegations as to the nature of the debt, and that it was incurred by Amos E. Kunderd and then alleges that for the sole consideration of $85,000.00 of preferred stock in that corporation issued to him by A. E. Kunderd, Inc., that all his business assets were transferred and delivered to said corporation and that by reason of said facts the corporation became, as a matter of law, also liable for said account.

To this complaint appellees each answered in general denial. Trial was had to a jury and a verdict was returned for appellant in the sum of $2,277.17 against appellee Amos E. Kunderd and that the appellant take nothing by his complaint against the appellee A. E. Kunderd, Inc. Appellant's motion for new trial was overruled and judgment was entered in accordance with the verdict. This appeal was then perfected and the error properly assigned is the ruling on the motion, the grounds thereof being that the assessment against Amos E. Kunderd was too small, no interest having been added to the account; that the verdict of the jury as to

the appellee A. E. Kunderd, Inc., was not sustained by sufficient evidence and that it was contrary to law.

Appellant first contends that inasmuch as appellee Amos E. Kunderd at the trial unqualifiedly admitted in open court that there was due appellant from him the sum of $2,277.17, which, with interest thereon up to the time of trial amounted to $2,379.62 and the court, at the request of both of the appellees definitely instructed the jury that appellant was entitled to judgment for $2,277.17 plus interest at six per cent from January 1, 1933, to time of trial, that the jury's act in ignoring this definite, unqualified admission and the court's instruction in returning a verdict for a less amount, is reversible error, as the instruction became the law of the case as to the amount of recovery. The appellant's brief fails to set forth the specific instruction discussed or any of the instructions, hence no question is presented for review on the instructions. Clause 5, Rule 22, of the Supreme and Appellate Courts; *Cole* v. *McLean* (1931), 93 Ind. App. 526, 177 N. E. 348. However, since appellee Amos E. Kunderd in open court confessed that he owed the appellant $2,277.17, which with interest makes a total of $2,379.62, and there is no evidence in conflict therewith, the judgment herein as to Amos E. Kunderd is reversed and the trial court is instructed to enter judgment for the appellant against the appellee Amos E. Kunderd for the sum of $2,379.62.

Under the assignment of error that the verdict as to the appellee, A. E. Kunderd, Inc., is not sustained by sufficient evidence and is contrary to law, appellant contends that where a corporation takes over the business of another corporation, or of a partnership or individual, and as the sole consideration therefor issues stock in the corporation to the vendor, it is something more than a mere sale, and there is an implied liability

on the part of the corporation for the debts of the one whose business was thus taken over by it, at least to the extent of the property and assets so acquired. Appellee corporation, however, says that not all of appellee Amos E. Kunderd's assets were transferred to appellee A. E. Kunderd, Inc., and that he had ample property left with and out of which to satisfy appellant's claim, therefore, no implied assumption existed.

Appellant cites no cases in point in support of its contention nor have we been able to find any. The evidence discloses that Amos E. Kunderd at the time of the sale to the corporation did not transfer to it certain real estate belonging to him and used in the business and that the value was more than sufficient to pay the account of appellant in full, and that the title to part of such real estate remained in him until January 7, 1935, and that he sold another part in the fall of 1935. Since all of Amos E. Kunderd's assets used in this business were not transferred to the corporation, in order for the corporation to become liable for the debt herein it must have assumed its payment, expressly or impliedly. There is no showing that it did so expressly and the evidence as to whether it impliedly assumed the debt is open to at least two reasonable inferences. Inasmuch as this court can not weigh the evidence and the inference drawn by the trial court from the evidence is a reasonable one, we are bound by the finding of that court, therefore the judgment herein as to A. E. Kunderd, Inc., is in all things affirmed.