No. 14,032.

### WINEMILLER ET AL. *v.* WINEMILLER.

DIVORCE.—*Decree for Alimony.*—*Payment in Instalments.*—*Interest.*—Where alimony is allowed in a gross sum, which is made payable in instalments maturing at fixed dates, interest on the instalments is not recoverable, if they be paid when due, unless it is so provided in the decree; and the fact that the judgment defendant, under an order of the court, gives bond conditioned for the payment of interest, makes no difference. If the instalments be not paid at maturity, they thereafter bear interest at the rate of six per cent., as provided in section 5199, R. S. 1881.

From the Knox Circuit Court.

*W. A. Cullop, G. W. Shaw* and *J. C. Adams,* for appellants.

*G. G. Reily,* for appellee.

MITCHELL, C. J.—On the 9th day of March, 1886, Rachel Winemiller obtained a decree of the Knox Circuit Court by which the marriage relation theretofore existing between herself and Thomas Winemiller was annulled. By the terms of the decree, she was awarded the gross sum of $2,250 as alimony. The court ordered that upon the defendant, within thirty days, giving a bond in the penal sum of three thousand dollars, payable to the plaintiff, with sufficient surety, conditioned for the payment of the instalments and interest thereon as they severally became due, the amount awarded for alimony should become due and payable as follows: Two hundred and fifty dollars at the expiration of ninety days, and the residue in four equal instalments of five hundred dollars each, payable, respectively, in one, two, three and four years from the 10th day of June, 1886.

The defendant filed a bond in compliance with the order of the court. He paid the first two instalments when they fell due, but refused to pay interest. An execution was issued, upon the assumption that the full amount due had not been paid. This suit was brought to restrain the officer from pro-

ceeding to enforce payment of the amount claimed. Judgment for the complainant.

The sole question involved, is, whether or not the deferred payments draw interest from the date of the order or decree of the court.

Section 1047, R. S. 1881, requires that the decree for alimony to the wife shall be for a sum in gross, and not for annual payments, but that the court, in its discretion, may give a reasonable time for payment by instalments, on sufficient surety being given.

In pursuance of the statute, $2,250 was fixed in the decree under consideration, as a sum in gross, for alimony to the wife. In the exercise of its discretion the court gave time for the payment of the amount fixed, upon condition that sufficient security by bond should be given. The effect of the decree, therefore, was to make the sum of $2,250 fall due in instalments of the several amounts, and at the respective dates, mentioned. At each given date a specified sum was to be paid. The court, undoubtedly, within its discretion, could have provided by its decree that the several instalments should be payable with interest. But it made no such decree. The provision that certain specific sums should be paid on certain given dates, rather excludes the idea that interest was to be paid in addition to the sums mentioned. In the absence of a requirement that the several instalments should be paid with interest, we must assume the court found that $2,250, payable at the time and in the manner fixed in the decree, was such a sum as the circumstances of the case rendered just and proper to be paid as alimony.

A decree directing that a sum in gross be paid in specified amounts, and upon given dates, will be satisfied by paying the several amounts upon the dates fixed, without paying interest, unless the payment of interest is required by the decree. In such a case, the several amounts specified must be regarded as falling due according to the terms of the decree,

and, like any other obligation which does not provide for interest, it may be discharged by paying the amount therein stipulated, provided payment be made before default.

Section 5199, R. S. 1881, which declares, in effect, that interest on judgments for money shall be at the rate of six per cent. from the return of the verdict or finding of the court, if there be no contract, is not controlling when applied to a case like the present, in which specific sums of money are ordered to be paid upon a date, or dates, fixed by the court.

That the court ordered the bond to be conditional for the payment of the several instalments, and interest thereon, does not make the instalments draw interest before they become due. The obligation of the bond would only become operative in the event of a failure to pay any instalment at maturity. After that, each instalment past due would, of course, draw interest, under section 5199, from the date it fell due. There was no error.

The judgment is affirmed.

