HATFIELD ET AL. *v.* HIGGINS ET AL.

[No. 16,522.   Filed February 13, 1941.]

*Rhodes & Rhodes,* of Peru, for appellants.

*Loder L. Patterson,* of Akron, for appellees.

STEVENSON, P. J.—On September 29, 1930, the Industrial Board of Indiana made an award to the appellants whereby the appellees were ordered to pay compensation in the amount of $9.90 per week for a period of three hundred (300) weeks, said award to begin on the 5th day of April, 1930, and the deferred payments to be paid in cash. The award further provided for the payment of $100.00 to be applied toward the burial expenses of the deceased employee, Vern Hatfield, on account of whose death this award was predicated. This award as entered by the Industrial Board was not paid and on the 29th day of November, 1930, the Fulton Circuit Court entered a judgment on the award. In this judgment the court ordered that the appellants recover the sum of $336.60 in cash, this being the amount of the award computed at $9.90 per week from April 5, 1930, to the date of judgment.

It was further adjudged that the appellants recover the further sum of $2,633.40, the balance of the award computed at the rate of $9.90 per week from November 9, 1930, and the further sum of $100.00 on the account of said burial expenses, said balance of $2,633.40 to be payable at the rate of $9.90 per week from the 29th day of November, 1930. Payments were made on this judgment from time to time but not on the dates when the same became due and payable, which payments continued down to January 25, 1938, and amounted to a total sum of $3,070.00. This action was then brought to recover interest due on the deferred installments and computed on the several balances due from the dates of the several payments to the date of each succeeding payment over the period of time covered thereby. These amounts total the sum of $401.63, to and including October 16, 1939.

·The court found against the appellant on this claim for interest on said deferred payments and it is from this judgment that this appeal has been perfected.

The error assigned is the overruling of the appellants' motion for new trial and the sole question presented is whether or not the appellant is entitled to interest on the deferred installments from and after the time they became due under the judgment of the Circuit Court until the time that they were actually paid.

The appellee has not seen fit to favor us with a brief in this case.

Our statute in this state provides that: "Interest on judgments for money, whenever rendered, shall be from the date of the return of the verdict or finding of the court, until the same is satisfied, at the rate per cent agreed upon in the original contract sued upon, not exceeding eight (8) per cent where the obligor in such contract is a person other than a corporation; and if there be no contract by the parties, then at the rate of six (6) per cent per annum." § 19-2002, Burns' 1933.

It is apparent that this judgment of the Fulton Circuit Court is a judgment for the payment of money, and the statute above quoted is therefore applicable. The court by its decree adjudged that a sum in gross be paid in specified amounts and on given dates. In such a case the several amounts specified are regarded as falling due on the dates indicated. Failure to pay such installments when due, in our opinion, would entitle the appellants to interest on such installments in default of payment from the date they became due until they were paid. Such has been the holding of the Supreme Court of this state in judgments for alimony where a gross sum was awarded payable in installments. *Winemiller* v. *Winemiller*

(1888), 114 Ind. 540, 17 N. E. 123. In the case of *Russell* v. *Smith* (1882), 87 Ind. 457, 470, action was brought upon an award made by an arbitrator as a result of an agreement of submission to him of a certain controversy. The Supreme Court in this case said: "A liquidated amount was due and payable from the appellant to the appellee from the signing of the award by the arbitrator, without notice and without demand. There was no error in giving interest upon that amount upon recovery by the appellee."

Under the award of the Industrial Board and by the terms of judgment of the Fulton Circuit Court, these installments were ordered paid at fixed times and in definite amounts. It was important, doubtless, to the appellants that these amounts be paid when due. For failure to meet these obligations when due, the appellants are entitled to collect interest and it has been held that interest may be allowed by way of damages for delay in such payment. *Indian Refining Co.* v. *Taylor* (1924), 195 Ind. 223, 143 N. E. 682.

This case was submitted upon the agreed state of facts and since there is no dispute as to the evidence, the judgment of the trial court is reversed with instructions to enter judgment for the appellants in the sum of $401.63, together with interest thereon from and after October 16, 1939, and together with costs in this action. *Murray Envelope Corp.* v. *Kunderd* (1938), 105 Ind. App. 215, 13 N. E. (2d) 329.

Judgment reversed.

NOTE.—Reported in 31 N. E. (2d) 650.