Arlen T. HASTY, Appellant
(Petitioner Below),

v.

Linda L. HASTY, Appellee
(Respondent Below).

No. 2–1080A338.

Court of Appeals of Indiana,
Second District.

Nov. 16, 1981.

Rehearing Denied Dec. 18, 1981.

William E. Ervin, Peterson, Ervin & Barry, Hartford City, for appellant.

Robert C. Graves, Marion, for appellee.

SULLIVAN, Judge.

Arlen T. Hasty appeals from the trial court's division of property with respect to the payment of $404,177.00 in installments together with interest at the rate of 11½%.

We affirm in part and reverse in part.

The Blackford Circuit Court on March 24, 1980 entered a decree of dissolution of the marriage of Arlen T. Hasty and Linda L. Hasty. The court found that the Hastys were the owners of interest in seven separate tracts of real estate in Grant County, Indiana. The court in its division of property set aside Tracts IV and VI for Linda, and Tracts I, II, III, V and VII for Arlen. Linda's real property interest was valued at $345,660 with an indebtedness of $40,720, and Arlen's interest was valued at $1,885,570 with an indebtedness of $651,394. Additionally, Linda was awarded personal property with a fair market value of $32,450 and Arlen was awarded $154,270. Linda had financial obligations totaling $65,260 and Arlen's obligations totaled $307,962. Because of the discrepancy in the amount of real property awarded to the appellant, the trial court ordered Arlen to pay Linda the sum of $404,177.00 in installments together with interest at 11½% per year, the total sum being due on or before December 31, 1984.

Arlen argues *inter alia* that the 11½% interest rate ordered by the trial court exceeds that interest permitted by law. He relies upon I.C. 24–4.6–1–101 (Burns Code Ed. Supp.1980) which provides:

"Interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until the same is satisfied at the rate agreed upon or the original contract sued upon but shall not exceed eight percent (8%) per annum even though a higher rate of interest may properly have been charged pursuant to contract prior to judgment, and if there be no contract by the parties, then at the rate of eight percent (8%) per annum."[1]

Until March 24, 1980, the date of the judgment, no sum of money relative to a distribution of property was owing by Arlen to Linda. We are not, therefore, here concerned with pre-judgment interest assessible as a means of assuring full compensation. *Cf. Town & Country Mutual Insurance Co. v. Savage* (2d Dist. 1981) Ind.App., 421 N.E.2d 704; *Board of School Trustees of Bango Community Schools v. Indiana Education Employment Relations Board* (3d Dist. 1980) Ind.App., 412 N.E.2d 807.

█ While we do not find fault with the trial court's apparent desire to fully compensate Linda for the delay in the enjoyment of her property represented by the principal amount of the note, we must nevertheless reverse with respect to this issue.

Payment of a money judgment may be delayed for any number of reasons. And that the trial court entered judgment for payment in installments is of no moment. The judgment is nevertheless a judgment upon which interest is limited by statute. *Hatfield v. Higgins* (1941) 108 Ind.App. 681, 31 N.E.2d 650.

Our holding is made in full realization that the current posture of the law encourages defendants to delay satisfaction of money judgments until the last possible moment. During the period he retains control of the judgment amount, a defendant may by investment earn thereon an amount far in excess of the statutory interest rate permitted. Remedial measures in this respect, however, lie within the sole prerogative of our General Assembly.

The appellant, Arlen Hasty, also challenges the payment of $404,177.00 in less than five years as violative of I.C. 31–1–11.–5–11 (Burns Code Ed. Repl. 1980). That statute provides that in an action for dissolution of marriage, the trial "court shall divide the property of the parties . . . in a just and reasonable manner."

1. Effective January 1, 1982 I.C. 24–4.6–1–101 will provide for interest upon judgments until satisfaction at a rate which shall not exceed an annual rate of 12%. (1981 Session Law, P.L. 220.)

In reference to whether it was "just and reasonable" to require Arlen to pay $404,-177.00, the trial court allowed Arlen to elect installments instead of a lump sum payment. The court also accommodated Arlen by awarding 507 acres of real estate and the International Harvester Dealership to him enabling Arlen to continue his farm machinery dealership and his farming business.

■ *In re Marriage of Osborne* (3d Dist. 1977) Ind.App., 369 N.E.2d 653 interpreted I.C. 31–1–11.5–11 in the following manner: "The term 'just' as employed by the statute evokes concepts of fairness and equity and not doing wrong to either party." 369 N.E.2d at 656. Deciding what manner of disposition is just and reasonable is within the sound discretion of the trial court. *Johnson v. Johnson* (3d Dist. 1976) Ind.App., 344 N.E.2d 875. We thus find no abuse of discretion regarding either the disposition of the property or the equalizing sum ordered paid by Arlen in installments.

■ In reviewing property division on dissolution of marriage the issue is whether the trial court abused its discretion in its award of property. The standard employed by the appellate court is whether the result reached is clearly against the logic and effect of the facts and circumstances before the court, including the reasonable inferences that might be drawn therefrom. The trial court's determination will not be set aside as unjust or unreasonable unless it can be clearly shown that there is no rational basis for its action. *In re Marriage of Osborne, supra*, 369 N.E.2d 653; *Libunao v. Libunao* (1st Dist. 1979) Ind.App., 388 N.E.2d 574. We find no abuse of discretion in the court's decree as it pertains to the amount of property and the manner in which it was distributed.

For the aforementioned reasons, we affirm in part and reverse in part and remand the cause with instructions to modify the judgment in accordance herewith.

BUCHANAN, C. J., and SHIELDS, J., concur.