Donna K. VAN RIPER, formerly Donna K. Keim, Appellant (Respondent below),

v.

James E. KEIM, Appellee (Petitioner below).

No. 2–981A315.

Court of Appeals of Indiana, Second District.

July 7, 1982.

Frederick F. Frosch, Frosch & Frosch, Indianapolis, for appellant.

Ronald A. Wright, Maribelle G. Harlow, Harlow, Wright & Englert, Indianapolis, for appellee.

SHIELDS, Judge.

Donna Van Riper appeals the failure by the trial court to award interest on a lump sum of money payable in installments as part of the property division in a decree of dissolution. The sole issues are:

(1) whether the gross unpaid sum bears interest by law, and

(2) whether the trial court abused its discretion by failing to order interest on the gross unpaid sum.

We affirm.

The trial court entered its final decree of dissolution of marriage on February 25, 1981. As part of the property division, Wife received $82,000, payable as follows:

1. The amount of Two Thousand Dollars ($2,000) on or before December 15, 1980;

2. Five Thousand Dollars ($5,000) on or before January 5, 1981;

3. Fifteen Thousand Dollars ($15,000) on or before February 5, 1981; and

4. Sixty Thousand Dollars ($60,000) payable in one hundred twenty-one (121) equal monthly installments designed to be deductible to husband and taxable to wife, commencing March 1, 1981.

Interest was not awarded.

I

Wife asserts the $82,000 constituted a disposition of property governed by I.C. 31–1–11.5–11 (Burns Code Ed., Repl.1980) enforceable pursuant to I.C. 31–1–11.5–17(a) (Burns Code Ed., Repl.1980) and that the award is a "present charge" to pay her $82,000, although in installments. We agree. However, we disagree with her conclusion that the sum is presently due her, although paid in installments, and, consequently, the unpaid amount bears interest as a matter of law under the provisions of

I.C. 24–4.6–1–101 (Burns Code Ed., Supp. 1979) which provides:

> "Interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until the same is satisfied at the rate agreed upon on the original contract sued upon but shall not exceed eight percent (8%) per annum ... and if there be no contract by the parties, then at the rate of eight percent (8%) per annum."

■ *Winemiller v. Winemiller*, (1888) 114 Ind. 540, 17 N.E. 123, still controls the area, holding a decree awarding deferred payments of alimony in gross[1] is satisfied by timely payment of the installments, without interest, unless interest is required by the decree. The *Winemiller* court further stated that any past due installment would, of course, draw interest under a statutory predecessor to I.C. 24–4.6–1–101.

*White v. White*, (1975) 167 Ind.App. 459, 338 N.E.2d 749, and *Hasty v. Hasty*, (1981) Ind.App., 427 N.E.2d 1119, are wholly consistent with *Winemiller*, contrary to Wife's assertions.

*White* involved the question of whether a lump sum money award payable in installments in a dissolution decree constituted a claim against the ex-husband's estate. The dissolution decree did not award interest on the gross sum. However, when it was reduced to a judgment against the estate the trial court awarded interest on the judgment which became immediately due and payable. The propriety of interest on the judgment against the estate was not an issue, nor was the absence of interest on the lump sum award in the dissolution decree.

*Hasty* also accords with *Winemiller*. In *Hasty*, the trial court awarded interest at the rate of 11½% on the lump sum payable in installments. This court struck down any award of interest in excess of the interest allowed by I.C. 24–4.6–1–101. However, in so doing the *Hasty* decision only approved the trial court's award of interest. It did not hold I.C. 24–4.6–1–101 *required*

the deferred installments to bear interest. In fact, the *Hasty* decision relied upon *Hatfield v. Higgins*, (1941) 108 Ind.App. 681, 31 N.E.2d 650, a decision which holds interest is payable under a predecessor of I.C. 24–4.6–1–101 only upon default of installment payments from the date they became due *until* they were paid. *Hatfield* cited, as authority, *Winemiller.*

■ Therefore, we conclude a lump sum division of property, payable in installments, does not bear interest on the unpaid balance, unless, and until, an installment is delinquent or unless the decree specifically orders that the sum bear interest.

## II

Wife also argues the trial court abused its discretion in dividing the marital property by its failure to award her interest on the unpaid balance of her lump sum award. We disagree.

■ In reviewing property divisions in dissolutions of marriage, we examine the division only to see if the trial court abused its discretion. We reverse if the result reached is clearly against the logic and effect of the facts and circumstances, including reasonable inferences. We do not weigh the evidence, but consider the evidence in the light most favorable to the judgment. Just and reasonable division of property does not necessarily mean an equal division. To find a property division unjust or unreasonable, there must be no rational basis for the division. *Cunningham v. Cunningham*, (1982) Ind.App., 430 N.E.2d 809. *See also In re Marriage of Church*, (1981) Ind.App., 424 N.E.2d 1078; *Morphew v. Morphew*, (1981) Ind.App., 419 N.E.2d 770.

■ In applying the above principles, we find the property division to be just and reasonable and the result reached not to be clearly against the logic and effect of the facts and circumstances. The trial court did not abuse its discretion by not awarding

---

1. Alimony in gross is a sum certain, payable in one or more installments that generally constitutes a division of property as opposed to periodic alimony which are payments of support, subject to modification or termination (*Hicks v. Fielman*, [1981] Ind.App., 421 N.E.2d 716).

Wife interest. An award of interest is a decision well within the trial court's discretion. It can be assumed trial courts are aware of the time value of money and take it into account in making property divisions and in deciding whether to award interest.

We find the trial court's decision here to be in accord with applicable statutory and case law and the property division to be just and reasonable.

Judgment affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.