**Brian S. TINCHER, Appellant–Defendant,**

**v.**

**Brian S. DAVIDSON, Appellee–Plaintiff.**

**No. 49A02–0208–CV–674.**

Court of Appeals of Indiana.

March 10, 2003.

Michael L. Hanley, Vernon J. Petri & Associates, Indianapolis, IN, Attorney for Appellant.

Mark R. Smith, Smith Fisher Maas & Howard, Indianapolis, IN, Attorney for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Brian Tincher argues that the trial court erred when it awarded him post-judgment interest from the date of its entry of judgment in July 2002 instead of from the date of the original jury verdict in September 1999. Tincher also argues that the trial court erred when it failed to award him pre-judgment interest. Because we find that Indiana Code § 24–4.6–1–101 requires post-judgment interest to accrue from the date of the verdict, we conclude that the trial court erred by awarding it from the date of entry of judgment. However, because Tincher failed to meet the requirements of the pre-judgment interest statute, we find that the trial court did not err when it denied pre-judgment interest.[1]

---

1. We hereby deny Tincher's motion for oral argument.

## Facts and Procedural History

In September 1993, a vehicle operated by Brian Davidson rear-ended a vehicle operated by Tincher, causing personal injury to Tincher. In August 1994, after Tincher received medical treatment for back and neck problems, Tincher offered to settle all claims against Davidson, through Davidson's insurer Allstate Insurance Company, for $24,000. In response, Allstate counter-offered $4500.

In February 1995, Tincher filed suit against Davidson. The day after filing suit, Tincher's counsel sent the following correspondence to Allstate:

> I discussed Allstate's offer and explanation with [Tincher]. We feel that there is a substantial difference between our assessments of this case, and therefore reject Allstate's offer of $4500 without counter. We have filed suit in this matter and enclosed is a courtesy copy of the Complaint for Damages.

Appellant's App. p. 52. In September 1999, the case was tried before a jury who rendered a general verdict for Tincher in the sum of $150,000. Davidson then moved for and was granted a mistrial based on inconsistencies within the jury verdict form. Tincher appealed, and the court of appeals affirmed the trial court's decision. *Tincher v. Davidson*, 731 N.E.2d 485 (Ind.Ct.App.2000). The Indiana Supreme Court subsequently granted transfer. *Tincher v. Davidson*, 741 N.E.2d 1259 (Ind.2000) (table). In February 2002, the supreme court remanded and ordered the trial court to enter judgment for Tincher on the jury's verdict in the amount of $150,000. *Tincher v. Davidson*, 762 N.E.2d 1221, 1226 (Ind.2002). On remand, Tincher sought post-judgment interest from the date of the original jury verdict as well as pre-judgment interest. In July 2002, the trial court entered judgment for Tincher in the amount of $150,000 with post-judgment interest accruing from the date of the same order. Tincher's request for pre-judgment interest was denied. This appeal ensued.

## Discussion and Decision

■ Tincher argues that the trial court erred when it decided to award him post-judgment interest accruing from the date of its entry of judgment in July 2002 instead of from the date of the jury verdict in September 1999. Tincher also argues that the trial court erred when it failed to award him pre-judgment interest. In this case, the parties agree as to the material facts of the case. Thus, this Court's task on review is to determine whether the trial court properly applied the law to the undisputed facts. *In re Estate of Foleno ex rel. Thomas v. Estate of Foleno*, 772 N.E.2d 490, 493 (Ind.Ct.App.2002), *trans. denied.* We review questions of law under a *de novo* standard and owe no deference to a trial court's legal conclusions. *Id.* We address each argument in turn.

### I. Post–Judgment Interest

■ Tincher argues that the trial court erred by awarding him post-judgment interest from the date of its entry of judgment in July 2002 upon remand from the Indiana Supreme Court instead of from the date of the original jury verdict in September 1999. "The right to post-judgment interest arises as a matter of statutory law." *Grubnich v. Renner*, 746 N.E.2d 111, 114 (Ind.Ct.App.2001) (citing Ind.Code § 24–4.6–1–101), *trans. denied.* The statute controlling post-judgment interest, Indiana Code § 24–4.6–1–101, requires post-judgment interest from the date of the "verdict" in a jury trial or the "finding of the court" in a bench trial. *See also Beam v. Wausau Ins. Co.*, 765 N.E.2d 524, 534 (Ind.2002). By the plain language of the statute, Tincher is entitled to post-

judgment interest from the date of the original jury verdict and not from the date the trial court entered judgment upon an order from the Indiana Supreme Court.

■ Yet, Davidson contends that our supreme court's decision in *Beam v. Wausau Insurance Company* requires interest to accrue from the date the trial court entered judgment. In support of his argument, Davidson refers us to the following language of *Beam:*

> If a judgment is reversed on appeal and remanded to the trial court for the entry of a new judgment, post-judgment interest accrues from the date the trial court enters the new judgment.

*Id.* at 535. Based on this statement, Davidson argues that because this case arises from a reversal on appeal and entry of a new judgment, the post-judgment interest should run from the date of the remand and not from the date of the original verdict. We disagree.

To understand this one sentence that Davidson extracts from *Beam*, we must necessarily look to the entire opinion. In *Beam*, there was an automobile accident. At trial, the parties stipulated that the jury would assess liability and damages, while the trial court would determine the propriety of setoffs that Beam received from other sources, such as worker's compensation medical and disability benefits. After the jury returned its verdict, the trial court reduced the damages by the entire amount of Beam's worker's compensation benefits, even though he had only been assessed 45% of the fault. On appeal, our supreme court determined that the trial court should have only reduced the jury verdict by 55%, and not 100%, of the worker's compensation benefits amount that Beam already received. *Id.* at 533–34. In doing so, the supreme court determined that it was not reversing the trial court's judgment but rather modify-

ing the jury's verdict. *Id.* at 534. Citing Indiana Code § 24–4.6–1–101, our supreme court concluded that post-judgment interest on a modified award should run from the date of the original verdict, and not from the date that the verdict was modified. *Id.* at 534–35. The supreme court added that had a judgment been reversed on appeal and remanded for entry of a new judgment, then the post-judgment interest on the new judgment would begin to accrue from the date the trial court enters the new judgment. *Id.* at 534.

Davidson's reliance on *Beam* is misplaced. This case involves neither a reversal nor a new judgment, and therefore the quoted *Beam* language does not apply. In this case, there was a general jury verdict in September 1999. Following the verdict, Davidson moved for and was granted a mistrial; however, the trial court never vacated the verdict nor granted Davidson a judgment notwithstanding the verdict. Rather, the trial court simply refused to enter judgment upon the jury's verdict as required by Indiana Trial Rule 58 and erroneously concluded that the jury could not agree as to damages. *See* Ind.Code § 34–36–1–7(4) (allowing trial court to discharge jury where unable to agree on verdict). The case then proceeded through the appellate process. Eventually, the Indiana Supreme Court "remand[ed] this case to vacate the order granting a mistrial and to enter judgment on the jury's general verdict for the plaintiff in the amount of $150,000.00." *Tincher*, 762 N.E.2d at 1226. Thus, contrary to Davidson's assertion, the supreme court did not reverse the trial court's judgment; it vacated an order preventing the jury's verdict from being entered as a judgment. In addition, because there was no reversal of a judgment, there was no new judgment to be substituted. Instead, after the supreme court vacated the trial court's order

granting a mistrial, it reinstated the jury's general verdict.

■■ Davidson also contends that the trial court appropriately did not require post-judgment interest from the time of the verdict because upon appeal Davidson could not know "how much to 'pay up' to avoid incurring post-judgment interest." Appellee's Br. p. 13. Citing *Poehlman v. Feferman,* 717 N.E.2d 578 (Ind.1999) and *Tioga Pines Living Center, Inc. v. Indiana Family and Social Services Administration,* 760 N.E.2d 1080 (Ind.Ct. App.2001), *clarified on reh'g, trans. denied,* Davidson argues that the purpose of requiring post-judgment interest is to allow the losing party to decide whether to pay the judgment immediately or risk incurring future interest if not successful on appeal. Because Indiana Code § 24–4.6–1–101 is clear that post-judgment interest accrues from the time of the jury's verdict, Davidson's policy argument is without merit. Where a statute is unambiguous, we may not interpret it but must give the statute its clear and plain meaning. *Elmer Buchta Trucking, Inc. v. Stanley,* 744 N.E.2d 939, 942 (Ind.2001). This prohibition against interpreting an unambiguous statute continues despite strong policy or constitutional reasons to construe the statute in another way. *Brownsburg Area Patrons Affecting Change v. Baldwin,* 714 N.E.2d 135, 139 (Ind.1999). Regardless, the fact that an appeal had been filed in this case put Davidson on notice that he may have had to pay post-judgment interest from the date of the jury verdict. *See Beam,* 765 N.E.2d at 535. Therefore, we find that the trial court erred when it refused to award post-judgment interest from the date of the original verdict as required by Indiana Code § 24–4.6–1–101.

## II.   Pre–Judgment Interest

■■ Tincher also argues that the trial court erred when it failed to award him pre-judgment interest under the Indiana Tort Prejudgment Interest Statute.[2] A plaintiff does not qualify for pre-judgment interest if (1) "within one (1) year *after* a claim is filed in the court"; (2) the plaintiff fails to make a "written offer of settlement" to the opposing party; (3) "the terms of the offer fail to provide for payment of the settlement offer within sixty (60) days after the offer is accepted;" or, (4) "the amount of the offer exceeds one and one-third (1 ⅓) of the amount of the judgment awarded." Ind.Code § 34–51–4–6 (emphasis added); *see also Cahoon v. Cummings,* 734 N.E.2d 535, 546 (Ind. 2000). In this case, the trial court's order denying pre-judgment interest stated in relevant part:

> The Court NOW FINDS, that the Plaintiff, Brian S. Tincher, failed to meet the requirements which are set forth in I.C. §§ 34–51–4 and interpreted by *Cahoon v. Cummings,* 734 N.E.2d 535 (Ind. 2000), and is, therefore, not entitled to pre-judgment interest.

Appellant's App. p. 11.

Tincher makes two arguments to show that he did comply with the pre-judgment interest statute's requirements. In support of his first argument, Tincher points us to a letter he wrote to Davidson's insurer one day after filing his lawsuit, which states in pertinent part that he rejects Allstate's "offer of $4500 *without counter.*" Appellant's App. p. 52 (emphasis added). Based on the contents of this letter, Tincher then argues that he "rejected Davidson's offer in writing and advised that his offer of settlement remained at $24,000." Appellant's Br. p. 12. However, we are at a loss to understand how Tincher's rejec-

2.   Ind.Code ch. 34–51–4.

tion of Allstate's $4500 offer "without counter" amounts to a revival of his original offer of $24,000. On the contrary, the "without counter" language signifies that no new offers were being made and that he wished to proceed to trial. Thus, this letter does not show that Tincher met the requirements of the pre-judgment interest statute.

Tincher's second argument is based on a letter he received from Allstate about ten days after mailing the above letter. It states:

> We have left voice mail messages for each other, but have never talked.
>
> I have been assigned the file for handling, now that it is in litigation. I have reviewed the file, and note that we offered $4500, to your demand of $24,000. Discussion of further possible settlement figures has not been done.
>
> We have assigned defense counsel, but I called you to see if you would not like to engage in further settlement discussions nonetheless.
>
> I will be out of the office Monday and Tuesday, but would be happy to talk with you about this file after that.

Appellant's App. p. 53. Tincher claims that this letter illustrates that "Davidson's insurer acknowledged, in writing, Tincher's demand of $24,000 and its offer of $4500" and that "Davidson again rejected Tincher's written offer of settlement of $24,000 . . . ." Appellant's Br. p. 12. While we agree that this letter demonstrates that at some point Allstate counter-offered $4500 in response to Tincher's demand of $24,000, the letter does not indicate that such an offer post-dated the filing of this lawsuit. Nor do we see any indication that Allstate "again" rejected some revived $24,000 offer by Tincher. Regardless, the pre-judgment interest statute requires that the plaintiff make a written offer; but, this letter was from Allstate, the de-

fendant. Thus, it too fails to show that Tincher met the requirements of the statute. Furthermore, neither of the letters cited by Tincher provide that the payment of the offer must be paid within sixty days of being accepted, as required by the statute. *See Cahoon*, 734 N.E.2d at 547 (finding that demand to settle "now" was sufficient to meet sixty day requirement). Therefore, because Tincher has failed to show that he met the requirements of the pre-judgment interest statute, we conclude that the trial court did not err by denying him pre-judgment interest.

Judgment affirmed in part and reversed in part.

NAJAM, J., and DARDEN, J., concur.