**In re the Marriage of Gerard GOOSSENS, Appellant–Respondent,**

v.

**Penny GOOSSENS, Appellee–Petitioner.**

**No. 20A03–0411–CV–509.**

Court of Appeals of Indiana.

June 8, 2005.

Nancy A. McCaslin, McCaslin & McCaslin, Elkhart, for Appellant.

Christopher C. Crawford, Stevens Crawford Garcia & Schweinzger, Elkhart, for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant–Respondent, Gerard Goossens ("Husband"), appeals the trial court's decree in the dissolution of his marriage with

Appellee–Petitioner, Penny Goossens ("Wife"). Upon appeal, Husband presents four issues, which we restate as follows:

I. Whether the value the trial court assigned to a house owned by the parties was supported by the evidence;

II. Whether the trial court erred in calculating the value of the marital estate;

III. Whether the trial court should have awarded Husband post-judgment interest on the judgment the court awarded to him; and

IV. Whether the trial court erred in failing to list and distribute marital debts other than the mortgages on their real property.

We affirm.

The record reveals that the parties were married in 1993 and separated in 2000. The parties had one child, H.G. After a hearing held on October 5, 2004, the trial court on the following day entered a decree dissolving the parties' marriage.

■ Husband complains that the trial court erred in assigning value to the parties' house located at 818 East Jackson Boulevard in Elkhart. Wife filed a verified financial statement on September 24, 2004, wherein the value of this house was listed as $97,500. At the hearing, Wife submitted into evidence as Exhibit C the tax assessment for the Jackson Boulevard house, which also listed an assessed value of $97,500. Upon direct examination by her counsel, the following colloquy occurred:

"Q. Do you have a particular value in your mind as to what this particular piece of real estate is worth?

A. No.

Q. [Do you] [h]ave any estimate as to what your think it might be worth?

A. Ninety thousand (90,000.00).

Q. If you indicated ninety-seven thousand, five hundred (97,500), would you have any dispute over that amount?

A. No.

Q. That's what you had indicated you had thought it was worth?

A. Okay. Yeah.

Q. That's the only information you had concerning the value of that property?

A. Yes.

Q. You had no additional information?

A. No." Transcript at 39.

In the dissolution decree, the trial court assigned the Jackson Boulevard house a value of $90,000, stating:

"The court finds that the value of the property located at 818 E. Jackson Blvd. is $90,000.00 (Wife's testimony) and has a mortgage balance of $33,000.00 for a net equity of $57,000.00." Appellant's Appendix at 10.

Husband now complains that the trial court's finding is contrary to the evidence.

■ We review the trial court's decision in ascertaining the value of property in a dissolution action for an abuse of discretion. *Sanjari v. Sanjari,* 755 N.E.2d 1186, 1191 (Ind.Ct.App.2001). Where the trial court's valuation of property is within the range of values supported by the evidence, the court does not abuse its discretion. *Id.* at 1191–92.

Wife argues that the trial court's finding was not an abuse of discretion in that Wife testified that she believed the Jackson Boulevard house was worth $90,000. We agree. Although the evidence presented by Wife would support a finding that the Jackson Boulevard house was worth $97,500, there was evidence that Wife believed the house to be worth $90,000. Whether or not we would have come to the same conclusion as the trial court had we been the finder of fact, the fact remains that the trial court's finding was within the

range of values supported by the evidence. We therefore conclude that the trial court did not abuse its discretion in assigning value to the Jackson Boulevard property.

Husband also argues that the trial court's calculation regarding the total value of the marital assets is erroneous. In its findings, the trial court stated:

"12. In summary, the following are the assets of the parties and the values found by the court:

| | |
|---|---|
| 818 E. Jackson | $57,000.00 |
| 50600 CR 7 | 28,000.00 |
| 1992 Toyota | 100.00 |
| 1990 Chevy S10 | 100.00 |
| 401(k) plan | 6,295.74 |
| Tools | 1,000.00 |
| Total | 84,500.00" Appellant's App. at 11. |

Husband correctly notes that the correct sum of the values listed by the trial court is $92,495.74, not $84,500. We are unable to explain this difference of $7,995.74 and assume it to be a simple mathematical oversight. We are unable to agree, however, with Husband's claim that this error is not harmless because of the trial court's finding number thirteen, which reads:

" To effect an equal division, the court will grant each party $42,250.00 [i.e., half of the erroneous $84,500 total]. To accomplish that result, the court grants the husband the residence at 50600 CR 7 (net value $28,000.00), the 401(k) account ($6,295.74), the 1992 Toyota ($100.00), the 1990 Chevy S10 ($100.00), and his tools ($1,000.00) for a total of $35,495.74. The court grants the wife the residence at 818 E. Jackson Blvd (net value $57,000.00). To equalize the division of assets, the husband is granted a judgment against the wife in the sum of $10,752.13. The judgment is payable without interest at the emancipation of the child of the parties, the remarriage or death of the wife or the

sale of the residence whichever first occurs." Appellant's App. at 11.

Husband argues that if the total value of the assets of the marital estate were increased, then the trial court's "equalization" of the division should be adjusted accordingly to ensure that he receives one-half of $92,495.74, the correct sum of the marital assets. According to our calculations, this is precisely what the trial court did in finding number thirteen.

Despite the erroneous sum listed in finding twelve, finding thirteen awards to Husband property worth a total of $35,495.74. To equalize the division of assets, the trial court also awarded to Husband a money judgment worth $10,752.13. Thus, Husband's total award is worth $46,247.87, an amount precisely one-half of $92,495.74, the amount Husband claims the marital estate was actually worth.[1] Despite the error in finding number twelve, the trial court awarded the proper amount to Husband in finding thirteen. The error in calculation is therefore harmless.

Husband next argues that he is entitled to post-judgment interest on the "money judgment" awarded to him in finding number thirteen. Both parties rely upon cases interpreting Indiana Code § 24–4.6–1–101 (Burns Code Ed. Repl. 1996), which provides:

"Except as otherwise provided by statute, interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until satisfaction at:

(1) The rate agreed upon in the original contract sued upon, which shall not exceed an annual rate of eight percent (8%) even though a higher

---

1. Wife was awarded property worth $57,000, less the money judgment awarded to Husband in the amount of $10,752.13, for a total of $46,247.87, the same amount awarded to Husband and one-half of the value of the marital assets listed by the trial court.

rate of interest may properly have been charged according to the contract prior to judgment; or

(2) An annual rate of eight percent (8%) if there was no contract by the parties."

Husband, citing *Tincher v. Davidson*, 784 N.E.2d 551 (Ind.Ct.App.2003), claims that post-judgment interest is required on money judgments. In *Tincher*, the court stated that Section 101 "requires post-judgment interest from the date of the 'verdict' in a jury trial or the 'finding of the court' in a bench trial." *Id.* at 553. First, we note that *Tincher* was not a dissolution case but instead involved a personal injury claim. Moreover, the question at issue in *Tincher* was from what date should interest accrue, not whether interest was to accrue at all. Specifically, the question was whether interest was due from the date of the original jury verdict as opposed to the date of the trial court's entry of judgment upon remand following an appeal. *See id.* Citing Section 101, the *Tincher* court concluded that interest was due from the date of the original jury verdict. *Id.* at 553–54.

Wife claims that the decision to award post-judgment interest is within the trial court's discretion, citing *Van Riper v. Keim*, 437 N.E.2d 130 (Ind.Ct.App.1982). The main case relied upon by the *Van Riper* court was *Winemiller v. Winemiller*, 114 Ind. 540, 17 N.E. 123 (1888), wherein the wife was awarded the "gross sum of $2,250" as alimony in the dissolution decree, to be paid in installments. 17 N.E. at 123. To secure this obligation, the trial court further ordered that the husband "giv[e] a bond in the penal sum of $3,000, payable to the [wife], with sufficient surety conditioned for the payment of the installments, and interest thereon, as they severally became [sic] due . . . ." *Id.* at 123–24. Although the husband paid the first two installments when they fell due, he refused to pay interest. Upon appeal to the Indiana Supreme Court, the "sole question involved [was] whether or not the deferred payments dr[e]w interest from the date of the order or decree of the court." *Id.* at 124. The court wrote, "The [trial] court, undoubtedly, within its discretion, could have provided by its decree that the several installments should be payable with interest. But it made no such decree." *Id.* The court then addressed the predecessor statute to our current Section 101, "which declare[d], in effect, that interest on judgments for money shall be at the rate of 6 per cent. from the return of the verdict or finding of the court, if there be no contract . . . ." *Id.* The court stated that this statute:

"[was] not controlling when applied to a case like the present, in which specific sums of money are ordered to be paid upon the date or dates fixed by the court. That the court ordered the bond to be conditioned for the payment of the several installments, and interest thereon, does not make the installments draw interest before they become due. The obligation of the bond would only become operative in the event of a failure to pay any installment at maturity. After that each installment past due would, of course, draw interest, under [the predecessor statute to Section 101], from the date it fell due." *Id.*

In *Van Riper, supra*, the trial court ordered the husband to pay to wife the sum of $82,000, payable in four installments. Upon appeal, the wife claimed that the unpaid amounts bore interest as a matter of law pursuant to Section 101. The court agreed with the wife that the $82,000 constituted a "disposition of property" and that the award was a "present charge." *Id.* at 131. The court, however, rejected the wife's argument that the sum

was "presently due her, though paid in installments" and that the unpaid amounts therefore bore interest pursuant to Section 101. *Id.* at 131–32. The *Van Riper* court cited *Winemiller* as controlling precedent. *Id.* at 132. The court also addressed two other cases which it said were consistent with *Winemiller*. The first of these cases, *White v. White*, 167 Ind.App. 459, 338 N.E.2d 749 (1975), involved the question whether a lump sum money award payable in installments pursuant to a dissolution decree constituted a "claim" against the ex-husband's estate. The dissolution decree did not award interest on the gross sum, but when it was reduced to a judgment against the estate, the trial court did award interest on the judgment. In *White*, however, neither the propriety of interest on the judgment entered against the estate nor the absence of interest on the lump-sum award in the dissolution decree were at issue. *See Van Riper*, 437 N.E.2d at 132. The other case cited in *Van Riper* was *Hasty v. Hasty*, 427 N.E.2d 1119 (Ind.Ct.App.1981), wherein the trial court awarded interest at the rate of eleven and one-half percent on a lump sum award payable in installments. Upon appeal, the court struck down the award of interest in excess of the amount allowed by Section 101. As observed in *Van Riper*:

> "However in so doing the *Hasty* decision only approved the trial court's award of interest. It did not hold [Section 101] *required* the deferred installments to bear interest. In fact, the *Hasty* decision relied upon *Hatfield v. Higgins*, (1941) 108 Ind.App. 681, 31 N.E.2d 650, a decision which holds interest is payable under a predecessor of [Section 101] only upon default of installment payments from the date they became due *until* they were paid. *Hatfield* cited, as authority, *Winemiller*." 437 N.E.2d at 132 (emphasis in original).

The *Van Riper* court then concluded that "a lump sum division of property, payable in installments, does not bear interest on the unpaid balance, unless, and until, an installment is delinquent or unless the decree specifically orders that the sum bear interest." *Id.* at 132.

Based upon this case law, it would appear that in the present case Husband cannot prevail. Although the trial court's award is not truly an "installment," it is similar in effect in that Husband has no right to the money at present. In the words of the *Van Riper* court, the amount awarded to him, although a "present charge" is not "presently due." *See* 437 N.E.2d at 131. In this regard, it is appropriate to repeat and to reemphasize that in finding number thirteen, the trial court specifically stated that the judgment for $10,752.13 "is payable *without interest* at the emancipation of the child of the parties, the remarriage or death of the wife or the sale of the residence which ever first occurs." Appellant's App. at 11 (emphasis supplied). The due date for payment was established as that date on which the first of the enumerated events occurred. Because the judgment is not presently due, Husband is not entitled to interest. However, if when the amount becomes due Wife fails to pay on time, then interest would be payable from the due date.

We recognize that *Williamson v. Rutana*, 736 N.E.2d 1247 (Ind.Ct.App.2000) could be read to support a different conclusion. In that case, the trial court entered a dissolution decree on October 24, 1991 approving a settlement agreement between the parties, pursuant to which the husband was ordered to pay the wife $80,000 at the time of the sale of the marital residence, or within one year of the date of the decree, whichever occurred first. The approved agreement further required that the husband pay $50,000 to the

wife when he sold his interest in a certain business. Thus, the husband's obligation totaled $130,000. The husband did not pay until over seven years later, on May 20, 1999, when he made a partial payment in the amount of $10,000 toward the $80,000 obligation. On August 10, 1999, the husband finally sold the interest in his business and shortly thereafter tendered $120,000 to the trial court clerk. The trial court ordered the clerk to release the money to the wife approximately one month later. On September 10, 1999, the wife filed a motion for proceedings supplemental in which she claimed she was owed $43,816.80 in post-judgment interest. The issue before the court in the proceedings supplemental was whether the wife was "entitled to recover interest on the $80,000 deferred property settlement payment." *Id.* at 1248. The trial court agreed with the wife and ordered the husband to pay $43,695.34 in interest already accrued, plus additional interest until the sum was paid.

Upon appeal, the husband contended that the trial court's award of interest was in error because the dissolution decree was not reduced to a "money judgment" with respect to the amount he had to pay. The *Williamson* court disagreed, citing the definition of a "judgment" in Trial Rule 54. *Id.* at 1249. The court further observed that "this court has determined that when the property in a marital estate is divided pursuant to an agreement by the parties, the amount that one spouse is ordered to pay the other is a money judgment that accrues interest from the date that the judgment was entered." *Id.* (citing *Irvine v. Irvine*, 685 N.E.2d 67, 71 (Ind.Ct.App. 1997)). The *Williamson* court, citing Section 101, then broadly stated that "[p]ost-judgment interest is statutorily mandated for money judgments." *Id.* The court con-

cluded that the dissolution decree required the husband to pay two separate lump-sum amounts to the wife and that the trial court correctly determined that interest began to accrue on the amount owed "from the date the deferred payments were due until the date that [the husband] tendered his check to the court clerk." *Id.* at 1250.

We acknowledge that *Williamson* contains language which would suggest that interest is mandatory for "money judgments" and due from the date the judgment was entered. *See id.* at 1249 (citing *Irvine*, 685 N.E.2d at 71).[2] However, the *Williamson* court's ultimate holding was that interest was mandatory only from the date the payments were due. *Id.* at 1250. Indeed, the *Williamson* court cited *Van Riper* in stating that interest may be awarded when a lump sum becomes due and payment is late, even though the decree does not provide for the payment of interest. *Id.* at 1249 (citing *Van Riper*, 437 N.E.2d at 132).

We therefore conclude that, in the present case, the trial court did not err in failing to award Husband interest on the deferred award to be paid by Wife. Although the trial court may have been well within its discretion to order interest to accrue, given the precedent in this area of the law, we are unable to say that the trial court erred in not doing so.

■ Lastly, Husband claims that he was harmed by the trial court's failure to take into account the liabilities of the marital estate other than the mortgages on the houses. Husband correctly notes that when marital property is divided, both assets and liabilities must be considered. *Dusenberry v. Dusenberry*, 625 N.E.2d 458, 461 (Ind.Ct.App.1993). However, the brunt of Husband's argument is that he

---

**2.** We would observe that in *Irvine*, the amount the husband was ordered to pay the wife was due immediately, not at some future date. 685 N.E.2d at 71.

was denied due process of law because his trial counsel withdrew from the case on August 16, 2004 and that because of his unfamiliarity with trial procedure, Husband was unable to present much of the evidence in his favor, including evidence regarding other marital liabilities. We are not persuaded.

■ Husband's counsel did not withdraw from the case on the eve of trial. Instead, Husband had fifty days in which to obtain other representation or better prepare himself for the hearing. Husband complains that there is nothing in the record to indicate that he had been adequately notified of his counsel's withdrawal, of the dangers of self-representation, or that he was told to seek other counsel. Notably, Husband cites to no authority requiring such in a civil case. Moreover, Husband admits that the Chronological Case Summary indicates that he did receive notice of his counsel's withdrawal. Nevertheless, Husband's counsel withdrew over a month and a half before the final hearing, and there was ample time in which to secure other representation. It is well settled that *pro se* litigants are held to the same standard as are licensed lawyers. *Hess v. Hess,* 679 N.E.2d 153, 155 (Ind.Ct. App.1997). Because the evidentiary issues of which Husband now complains were due to his own failure, there is no reversible error.

The judgment of the trial court is affirmed.

MATHIAS, J., concurs.

BAILEY, J., concurs in part and dissents in part with opinion.

BAILEY, Judge, concurring in part and dissenting in part.

With the exception of Issue III, I concur with the majority opinion. However, I dissent from the affirmation of the property division at issue, because I cannot agree with the dissolution court's order that Husband's judgment of $10,752.13 is "payable without interest." (App.11.) Husband is entitled to post judgment interest on the equalization judgment awarded him (1) because post-judgment interest is mandated by statute and (2) an equal division of marital assets is mandated by statute, absent a specific reason for deviation.[3]

When property in a marital estate is divided pursuant to the parties' agreement and one party is ordered to pay the other, the order is a money judgment that accrues interest from the date that the judg-

3. Indiana Code Section 31–15–7–5 governs the distribution of marital property and provides as follows:

The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse:

(A) before the marriage; or

(B) through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

(A) a final division of property; and

(B) a final determination of the property rights of the parties.

**44**

ment was entered. *Williamson v. Rutana*, 736 N.E.2d 1247, 1249 (Ind.Ct.App. 2000); *Irvine v. Irvine*, 685 N.E.2d 67, 71 (Ind.Ct.App.1997). Post-judgment interest is statutorily mandated for money judgments. *Williamson*, 736 N.E.2d at 1249 (citing Ind.Code § 24–4.6–1–101).

According to the court order here, Husband is not entitled to his money at a fixed time. This does not, however, vitiate Husband's entitlement to interest. Dependent upon the timing of a triggering event, Husband could be deprived of the use of his money for many years. For example, the child who will someday be emancipated is now only seven years old. The specific intent of the dissolution court was to divide the marital estate equally. No statutory ground to support a deviation from the presumptive equal division of marital assets was found by the trial court. Nevertheless, the practical effect of permitting one spouse to withhold an equalization judgment payment for many years, without interest, is to depreciate the value of the judgment awarded. In other words, depending upon the timing of the triggering event, Husband would receive somewhat less or much less than the value of one-half the marital estate. This is contrary to the trial court's intent, and contrary to statutory mandate. Therefore, I dissent.