Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

APPELLANT PRO SE:

**SUSAN EDWARDS**
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE:

**JOEL F. BORNKAMP**
Cincinnati, Ohio

FILED

Dec 05 2012, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| SUSAN EDWARDS, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 02A03-1201-MF-24 |
| | ) |
| DEUTSCHE BANK NATIONAL, | ) |
| TRUST COMPANY | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE ALLEN CIRCUIT COURT
The Honorable Kenneth R. Scheibenberger, Judge
Cause No. 02C01-0901-MF-43

**December 5, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

The Allen Circuit Court granted summary judgment in favor of Deutsche Bank National Trust Company ("the Bank") in the Bank's *in rem* action against real property owned by Susan Edwards ("Edwards"). Edwards appeals and presents thirty-two issues, which we consolidate and restate as whether the trial court erred in granting summary judgment in favor of the Bank.

We affirm.

**Facts and Procedural History**

In January 2004, Edwards executed a promissory note to New Century Mortgage Corporation ("New Century") in the principal amount of $124,920 to purchase a home in Fort Wayne, Indiana. To secure this note, Edwards also executed a mortgage on the home. The note and mortgage agreement contained several standard provisions, including an acceleration clause and a clause allowing New Century and any successors in interest to assign the note and mortgage to others. The Bank was the final successor to New Century's interests in Edwards's note and mortgage. In 2006, Edwards sought relief under Chapter 7 of the federal Bankruptcy Code and indicated that she wished to reaffirm her mortgage loan so as not to lose her home during the bankruptcy.

On January 6, 2009, after Edwards's discharge in bankruptcy, the Bank filed an in rem complaint on the note seeking to foreclose the mortgage. In the complaint, the Bank alleged that it was the current holder of the mortgage. The Bank acknowledged that Edwards was immune from personal liability on the note because of her earlier bankruptcy, but still wanted to foreclose on the mortgaged property because of Edwards's default on the note. The Bank filed a motion for summary judgment on October 14, 2011.

After Edwards filed a response to the Bank's motion for summary judgment, the trial court held a hearing on the matter on December 20, 2011, and on that same day entered an order granting the Bank's motion for summary judgment, awarding the Bank a total of $206,428, representing the principal, interest, taxes, costs, and attorney fees. The trial court's order specifically noted that the judgment was *in rem* only, that Edwards was not personally liable, and that the Bank was therefore not entitled to a deficiency judgment. Edwards now appeals.

**Discussion and Decision**

We start by noting that Edwards's appellant's brief is seriously deficient in many respects. Her statement of facts is argumentative and not in narrative form. See Ind. Appellate Rule 46(A)(6)(c) (the statement of facts "shall be in narrative form."); Parks v. Madison County, 783 N.E.2d 711, 717 (Ind. Ct. App. 2002) ("The statement of facts is to be a narrative statement of facts, and is not to be argumentative."). Also, with only a few exceptions, Edwards's statement of facts does not contain citations to the relevant portions of the record. See App. R. 46(A)(6)(a).

The argument section of Edwards's brief is similarly problematic. It contains few citations to authority, and when it does, it fails to explain how or why a particular authority applies to the present case. In this regard, Edwards's first argument is typical of the remaining thirty-one when it claims that:

> 1. The Trial Court erred and "violating [sic] appellants [sic] constitutional rights" under Article 1, 3, 4, 14, to defend and protect and be safe in my property, not to have an action brought against me wrongfully? Ind. Article I 8,9, And US Constitution[.]

3

Appellant's Br. p. 19.

While we can gather that Edwards claims the trial court violated her rights under the Indiana and federal constitutions, there is no explanation of how her rights were violated, nor is there any citation to applicable case law supporting her claims. This is improper. See App. R. 46(A)(8)(a) (providing that argument section of an appellant's brief "must contain the contentions of the appellant on the issues presented, *supported by cogent reasoning*. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on[.]"); see also Thacker v. Wentzel, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) ("It is well settled that we will not consider an appellant's assertion on appeal when he has not presented cogent argument supported by authority and references to the record as required by the rules.").

Perhaps recognizing the deficiencies in her brief, Edwards cites federal case law for the proposition that we should be lenient toward such deficiencies given her status as a *pro se* litigant. However, in Indiana, it is well settled that *pro se* litigants are held to the same standard as licensed attorneys. Goossens v. Goossens, 829 N.E.2d 36, 43 (Ind. Ct. App. 2005). While it is true that we prefer to decide cases on their merits when possible, see Omni Ins. Group v. Poage, 966 N.E.2d 750, 753 (Ind. Ct. App. 2012), we may not become an advocate for party and make Edwards's case for her. Thacker, 797 N.E.2d at 345. Thus, while we will endeavor to address the issues presented, as best we are able to discern them, we will not address those arguments which are so ill-formed and unsupported that we cannot fully understand them. Unfortunately, most of Edwards's arguments fall clearly within the latter category.

4

Much of Edwards's dispute with the proceedings seems to spring from a basic misunderstanding of New Century's right to assign her note and mortgage to others. The core of Edwards's claim is that she never entered into any agreement with the Bank, and that the Bank and/or the Bank's attorney fraudulently prepared the power of attorney document and assignments of the mortgage and note from the original mortgagee to the Bank. Although she cites the Indiana statute defining forgery and counterfeiting, Edwards cites to nothing in the record that supports her claim that the assignment was forged. Instead, she refers to certain documents and claims that, if we review them, we will see the evidence of fraud and forgery. However, she gives us no page references to these documents in her or the Bank's appendices. Edwards's appendices themselves contain of over 300 pages, and the Bank's appendices contain 375 pages. It is not the duty of this court to search these materials to find support for Edwards's arguments. See Legacy Healthcare, Inc. v. Barnes & Thornburg, 837 N.E.2d 619, 639 n.29 (Ind. Ct. App. 2005) (noting that court on appeal will not "scour the record in search of evidence in support [an appellant's] claims."); Nobles v. Cartwright, 659 N.E.2d 1064, 1070 (Ind. Ct. App. 1995) (appellate courts are not required to search the record in an effort to discern whether genuine issues of material fact exist).

In fact, much of Edwards's argument appears to be based on a more fundamental misunderstanding of the nature of our adversarial court system. It was not the duty of the trial court—or this court—to investigate Edwards's allegations of fraud on the part of the Bank. It was her burden to develop a defense against the Bank's claims and present evidence supporting her claim of fraud on the part of the Bank. Similarly, it is her burden

5

on appeal to direct us to the designated evidence supporting her claims of fraud. This she has wholly failed to do.

Edwards refers us to reports of widespread abuse by banks in the wake of the recent collapse of the housing market and the subsequent spike in foreclosures. She then asserts that the Bank here has committed fraud, forgery, and counterfeiting. But again, she points us to no designated evidence that supports her claim.

We acknowledge again that Edwards is appealing *pro se*. But even in a *pro se* role, Edwards is still obliged to follow our appellate rules, which clearly require her to present to us a cogent argument supported by citations to authority and the relevant portions of the record. This is no mere technicality. Were we to search the record for some designated evidence in support of Edwards's claim, and look for authority to support her position, we would be abandoning our role as a court and instead acting as Edwards's advocate, which is clearly improper.

Edwards has presented us with no cogent argument supported by authority. With regard to her claim that there was a genuine issue of material fact as to whether the mortgage and note were properly assigned to the Bank, she has provided no citations to those portions of the record supporting her claims of fraud and counterfeiting. Accordingly, we affirm the order of the trial court granting summary judgment in favor of the Bank.

Affirmed.

VAIDIK, J., and BARNES, J., concur.