**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 30 2014, 9:38 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JOHN B. SIRBU**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN B. SIRBU, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1401-EX-23 |
| | ) | |
| REVIEW BOARD OF THE INDIANA DEPART-MENT OF WORKFORCE DEVELOPMENT and IDWD U.I. CLAIMS ADJ. CTR., | ) ) ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM REVIEW BOARD OF THE
INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT
Case Nos. 13-R-4125 and 13-R-4126

**September 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

John Sirbu appeals the decision of the Indiana Department of Workforce Development Unemployment Insurance Review Board ("the Review Board") denying his request for reinstatement of his appeals to the Review Board on two determinations of eligibility for unemployment benefits. However, due to Sirbu's disregard of the appellate rules, we do not reach the merits of his appeal.

We dismiss.

## FACTS AND PROCEDURAL HISTORY

An Administrative Law Judge ("ALJ") for the Department of Workforce Development set out the facts and procedural history relevant to this appeal as follows:

> The Claimant[, Sirbu,] claimed [unemployment] benefits for the weeks ending January 10, 2009, through December 19, 2009. During that time the Claimant was paid wages from part-time employment. When the Claimant filled out his weekly claims vouchers for those weeks he reported less wages than he actually earned or that he did not work at all. If the information had been properly reported the Claimant's benefits would have been reduced.
>
> * * *
>
> The Claimant provided confusion as the reason he did not report any or all of his earnings during the weeks in question. The Claimant stated that he was repeatedly told by Work One representatives that there was no problem with working part-time and claiming benefits. The Claimant indicated that for the first three months of his claim he interpreted the statement that there was no problem with working part-time and claiming benefits to mean he did not have to report any earnings from part-time employment. The Claimant indicated that in the third month of his claim someone told him that he was required to report earnings for part-time employment, but that he only had to report an undetermined percentage of those earnings. The Claimant then began to report a portion of his earnings. The reported amounts were not a consistent percentage of the actual earned amount. After providing the information above the Claimant alleged that a Work One representative initially told him directly that he did

not have to report income from part-time employment. The [ALJ] finds the Claimant's testimony to be not credible.

* * *

The [ALJ] concludes: The Claimant did not provide a valid reason for indicating that he did not work at all or reporting less wages than he actually earned on his weekly claim vouchers. The Claimant acted contrary to the clearly stated warnings that he saw before he filed the claims. The Claimant knowingly falsified material facts that would have reduced his benefits.

DECISION: The Determinations of Eligibility dated August 5, 2013, and numbered 13-16429 and 13-16430[, and finding that Sirbu received benefits to which he was not entitled,] are AFFIRMED. The Claimant knowingly falsified material facts for the same weeks in which he received unemployment benefits. The Claimant is subject to the 25% of the benefit payment penalty on the regular claim for weeks ending January 10, 2009, through May 16, 2009. The Claimant is subject to the 50% of the benefits payment penalty on the extended claim for the weeks ending May 23, 2009, through December 19, 2009. All wages earned during the weeks of overpayment are canceled for future use in establishing unemployment insurance entitlement.

Appellant's App. at 4-5. Sirbu appealed that decision to the Review Board, which scheduled a hearing on his appeal for December 2. When Sirbu failed to appear for the December 2 hearing, the Review Board dismissed his appeal. Sirbu filed a request for the reinstatement of his appeal, which the Review Board denied. This appeal ensued.

**DISCUSSION AND DECISION**

We do not address the merits of Sirbu's appeal. As the Review Board points out, Sirbu's brief on appeal contains several violations of the appellate rules. We recognize that Sirbu is proceeding pro se. Nonetheless, it is well settled that pro se litigants are held to the same standard as are licensed lawyers. Goossens v. Goossens, 829 N.E.2d 36, 43 (Ind. Ct. App. 2005).

3

Sirbu's brief wholly fails to comply with Indiana Appellate Rule 46(A)(8)(a), which requires that the argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on. Id. Rule 46(A)(8)(a) is the most important of the appellate rules in that compliance with it is crucial to this court's ability to address an appeal.

Here, Sirbu fails to set out his contentions in a coherent manner, and he does not present any cogent reasoning.[1] Indeed, Sirbu does not include citations to any legal authority in support of his contentions. And Sirbu does not support his bare allegations with citations to evidence in the appendix. Finally, Sirbu does not set out the appropriate standard of review on appeal, in violation of Rule 46(A)(8)(b).

Our review of Sirbu's appeal is so hampered by the deficiencies in his brief that we must dismiss the appeal. See, e.g., Galvan v. State, 877 N.E.2d 213, 216 (Ind. Ct. App. 2007). We simply cannot discern Sirbu's contentions or argument beyond his general contentions that he did not intentionally mislead the Department of Workforce Development and that he inadvertently failed to submit his telephone number as required to participate in the hearing. As we have explained above, an adequate brief on appeal requires more than contentions. Sirbu's substantial failure to comply with various appellate rules is not merely a technical violation but makes it virtually impossible to discern the merits of his appeal, let alone address them. This court will not fashion an argument on behalf of a party who fails to make an argument and support it with cogent

---

[1] Sirbu appears to ask that we reweigh the evidence, which we will not do. See, e.g., T.B. v. Rev. Bd. of the Ind. Dept. of Workforce Dev., 980 N.E.2d 341, 345 (Ind. Ct. App. 2012).

4

reasoning and appropriate citations to authority and the record.  See Young v. Butts, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997).  "A court which must search the record and make up its own arguments because a party has not adequately presented them runs the risk of becoming an advocate rather than an adjudicator."  Id.

Dismissed.

BAILEY, J., and PYLE, J., concur.