### In re the MARRIAGE OF Judith A. MERRILL, Appellant-Respondent,

### and

### Ronald E. Merrill, Appellee-Petitioner.

### No. 3–283A31.

Court of Appeals of Indiana, Third District.

Nov. 17, 1983.

Rehearing Denied Jan. 12, 1984.

John J. Gaydos, Elkhart, for appellant-respondent.

Daniel H. Pfeifer, South Bend, for appellee-petitioner.

STATON, Judge.

The marriage of Judith and Ronald Merrill was dissolved by the trial court on August 30, 1982. On appeal, Judith contends that the trial court abused its discretion in dividing the marital property.[1]

Affirmed.

Judith and Ronald Merrill were married on August 11, 1962. Ronald was the family's primary wage earner and built the marital home. Judith, in addition to performing most of the household chores, was also employed outside the home for approximately thirteen years. Judith currently operates a small commercial cleaning business.

The trial court awarded to Ronald marital assets worth approximately $36,175, including a three quarter interest in the marital home, and assigned to him responsibility for marital debts totalling $3,083. Thus, the net value of the property awarded to Ronald was approximately $33,092. The trial court awarded to Judith assets worth approximately $20,760, including the remaining one quarter interest in the marital home and assigned to her liability for marital debts totalling approximately $16,989.

Judith first complains of the manner in which the trial court divided the marital home. The parties agreed that the value of the home is $41,660. The trial court ordered Ronald to pay Judith $10,415, in annual installments of $1,000, and ordered Judith to quitclaim her interest to Ronald after payment of the final installment.

Judith contends that the trial court erred in failing to order that the unpaid balance of Ronald's $10,415 debt to her bear interest. Judith correctly points out that the present value of $10,415 paid in yearly installments of $1,000 and a final installment of $415 is less than $7,000. However, the decision whether a lump sum award payable in installments will bear interest rests within the sound discretion of the trial court. *Van Riper v. Keim* (1982), Ind.App., 437 N.E.2d 130. We presume that

---

1. Judith also contends that the trial court erroneously granted custody of the couple's daughter to Ronald. However, Judith failed to raise this issue in her motion to correct errors; therefore, it is waived. *Stanley v. Fisher* (1981), Ind.App., 417 N.E.2d 932.

trial courts are aware of the time value of money and take it into consideration when dividing property and deciding whether interest should be awarded. *Id.* We fail to see how the trial court's failure to award interest on Ronald's debt to Judith constitutes an abuse of discretion.

Judith also contends that the property division was unjust in that the net value of the property awarded to Ronald is over $36,000 while the net present value of the property awarded to her is under $1,000. Specifically, Judith complains of the trial court's allocation of the marital debts. Approximately $3,100 of debt was assigned to Ronald while nearly $17,000 of debt was assigned to Judith.

IC 1976, 31–1–11.5–11 (Burns Code Ed., 1980 Repl.) requires that marital property be divided in a "just and reasonable manner." When reviewing a claim that the trial court improperly divided marital property, our standard of review is whether the trial court's decision constitutes an abuse of discretion. We will reverse the decision of the trial court only if there is no rational basis for the award. *Van Riper, supra,* 437 N.E.2d at 132; *Cunningham v. Cunningham* (1982), Ind.App., 430 N.E.2d 809.

In this case, the evidence most favorable to the judgment is that Judith controlled the financial affairs of the family. Ronald turned his paychecks over to Judith, and Judith did all the banking and paid the bills. Judith, without Ronald's knowledge or consent, acquired various charge cards and took out various loans. Judith eventu-ally acquired a separate post office box where she was able to receive mail concerning these various accounts without Ronald's knowledge. Excluding car loans, the couple's indebtedness from these charge accounts and loans was approximately $9,500. Other than to state generally that this indebtedness was incurred in the purchase of clothing and various household items, Judith was unable to account for the expenditures which resulted in the couple's large debt. Given Judith's role in accumulating these debts we cannot find that there was no rational basis for assigning to Judith responsibility for the majority of the debts. IC 31–1–11.5–11(b)(4); *Tener v. Tener* (1980), Ind.App., 407 N.E.2d 1198, 1203. Further, considering Ronald's contribution as the family's primary wage earner, his contribution in building the marital home, and Judith's ability to earn a living, we cannot conclude that the overall division of property made by the trial court was without a rational basis. IC 31–1–11.5–11(b)(1), (5). Thus, the trial court's division of property must be affirmed.

Affirmed.

GARRARD and ROBERTSON (by designation), JJ., concur.