Richard E. WILLIAMSON,
Appellant–Petitioner,

v.

Donna Louise (Williamson) RUTANA,
Appellee–Respondent.

No. 49A02–9912–CV–858.

Court of Appeals of Indiana.

Sept. 12, 2000.

Preston T. Breunig, Martha L. West-brook, Buck Berry Landau & Breunig, Indianapolis, Indiana, Attorneys for Appellant.

Michael P. Bishop, Philip J. Caviness, Smith Fisher Maas & Bishop, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge

Appellant-petitioner Richard E. Williamson appeals the trial court's order which granted his former spouse appellee-respondent Donna Louise Rutana's motion for proceedings supplemental. Specifically, Richard contends that the trial court erred in awarding Donna $43,695.34 plus interest at the rate of eight percent on that amount pursuant to a deferred property settlement agreement and in accordance with the decree of dissolution of their marriage. Thus, Richard maintains that this award of interest constituted an improper modification of the property agreement and Donna's claim must fail because her motion for proceedings supplemental constituted an impermissible collateral attack upon the agreement and dissolution decree.

### FACTS

On October 24, 1991, the trial court entered a decree of dissolution of marriage and approved a settlement agreement between Richard and Donna. The agreement provided in pertinent part that Richard was to pay Donna the sum of $80,000 at the time of the sale of the marital residence, or within one year of the date of the court's approval of the agreement, whichever occurred first. Richard was also to pay $50,000 to Donna when he sold his interest in ZIPP Express, Inc. (ZIPP). As a guarantee of Richard's future obligations to Donna, he carried a life insurance policy naming Donna as the beneficiary in the amount of $80,000. Neither the settlement agreement nor the decree specifically provided for the payment of interest.

On May 20, 1999, Richard made partial payment to Donna in the amount of $10,000 toward the principal obligation of $80,000 on the marital residence. On August 10, 1999, Richard sold his interest in ZIPP and received the proceeds from the sale two days later. Thereafter, Richard tendered the sum of $120,000 to the trial court clerk. Approximately one month later, the trial court ordered the clerk to release that amount to Donna.

Between the entry of the decree of dissolution and the filing of a verified motion for proceedings supplemental on September 10, 1999, Donna took no legal action to collect the $80,000 from Richard. In her motion for proceedings supplemental, Donna claimed that she was owed $43,816.80 in post-judgment interest from Richard on the amount that he had not paid. In response, Richard moved to dismiss the motion for proceedings supplemental which the trial court subsequently denied.

The cause was submitted to the trial court on a stipulation of the facts set forth above, along with argument of counsel. The issue that the trial court was called upon to decide was whether Donna was entitled to recover interest on the $80,000 deferred property settlement payment. Both parties agreed that if the trial court determined that Richard was responsible for paying interest for any period of time, the total interest between October 24, 1992 and August 25, 1999 was $43,695.34 and interest for the period between October 24, 1992 through March 7, 1994 totaled $8,749.50.

Following a hearing on Donna's motion, the trial court entered an order granting a general judgment to Donna in the amount of $43,695.34 plus additional interest at the rate of eight percent per annum until the obligation was paid. Richard now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

■ To resolve the issue presented today, we initially observe that proceedings supplemental are a means to remedy a failure by a party to pay a money judgment. *Stuard v. Jackson & Wickliff Auctioneers,* 670 N.E.2d 953, 954 (Ind.Ct.App. 1996). The trial court is vested with broad discretion in conducting proceedings supplemental. *Kirk v. Monroe County Tire,* 585 N.E.2d 1366, 1370 (Ind.Ct.App.1992). We note, however, that where the evidence is entirely documentary or the decision is based upon an admission or stipulation by the parties, this court is in as good a position as the trial court to determine its force and effect. *Emmco Ins. Co. v. Indiana Farmers Mut. Ins. Co.,* 152 Ind. App. 212, 224, 283 N.E.2d 404, 410 (1972). Thus, this court's review of the trial court's decision is *de novo. Estate of Payne v. Grant County Court,* 508 N.E.2d 1331, 1333 (Ind.Ct.App.1987). Moreover, no presumption in favor of the trial court exists on appeal. *Grain Dealers Mut. Ins. Co. v. Wuethrich,* 716 N.E.2d 596, 598 (Ind.Ct.App.1999), *trans. denied.*

### II. Richard's Contentions

Richard contends that the trial court's award of interest to Donna was erroneous because the dissolution decree was not reduced to a monetary judgment with respect to the amount that he was obligated to pay. Moreover, Richard asserts that Donna's motion for proceedings supplemental constituted an impermissible collateral attack upon the settlement agreement and decree of dissolution because the trial court effectively modified the property agreement in deciding to award interest on an unpaid amount.

■ We note that in accordance with Ind. Trial Rule 54, a "judgment" includes a decree and any order from which an appeal lies. A dissolution decree becomes final and appealable when entered by the trial court. IND. CODE § 31–15–2–16(b). Moreover, an agreement by the parties in a dissolution action will be incorporated into the decree once it is approved by the trial court. I..C. § 31–15–2–17. When an agreement is incorporated into the decree, it becomes an order to the parties to perform. *Id.*

■ We further point out that this court has determined that when the property in a marital estate is divided pursuant to an agreement by the parties, the amount that one spouse is ordered to pay the other is a money judgment that accrues interest from the date that the judgment was entered. *Irvine v. Irvine,* 685 N.E.2d 67, 71 (Ind.Ct.App.1997). Post-judgment interest is statutorily mandated for money judgments. IND. CODE § 24–4.6–1–101 [1]; *see also Caldwell v. Black,* 727 N.E.2d 1097, 1100 (Ind.Ct.App.2000). Such interest may be awarded when a lump sum is due and payment is late, even though the decree does not provide for the payment of interest. *Van Riper v. Keim,* 437 N.E.2d 130, 132 (Ind.Ct.App.1982).

■ In the instant case, the dissolution decree specifically required Richard to pay two separate lump sum amounts to Donna. Moreover, the decree set $130,000 as the definite amount that Richard was to pay. Although Richard may have guaranteed payment of the principal sum regarding the marital residence through the life insurance policy, there was no provision as to what would occur after the amount became due and owing yet remained unpaid for nearly seven years. Thus, it cannot be said that Donna's remedies for non-payment or late payment were in any way restricted by the required life insurance policy.

■ We also reject Richard's assertion that Donna's proceedings supplemental amounted to an impermissible collateral

---

1. "Interest on judgments for money whenever rendered shall be from the date of the ... finding of the court until satisfaction at ... an annual rate of eight percent (8%)."

attack on the judgment. Contrary to Richard's claim, Donna was not making any attempt to alter, amend, modify or otherwise address the original divorce decree. Rather, Donna was simply seeking statutory interest on the judgment amount that was established in the decree. In deciding to award Donna an amount of interest, the trial court did not alter the property division set forth in the decree and it was not granting any windfall to Donna. Rather, it is apparent that the trial court simply determined that Richard was to account for interest for the period of time in which he failed to satisfy his obligations to Donna after they became due. As this court noted in *Reese v. Reese,* 696 N.E.2d 460, 463 (Ind.Ct.App. 1998), *trans. denied,* "interest goes with the principal as the fruit with the tree." When the amount of damage is readily ascertainable as of a particular time, a claimant can only be fully compensated by the payment of interest. *Id.* Had an award of interest not been made, Richard would have been granted the opportunity of delaying payment of the judgment amount with impunity.

Thus, in light of these circumstances we conclude that the trial court correctly determined that interest accrued on the amount of principal owed to Donna at the statutory rate of 8% annually from the date the deferred payments were due until the date that Richard tendered his check to the court clerk. Moreover, inasmuch as both Richard and Donna have stipulated that the interest calculation amounted to $43,695.34, the trial court acted within its discretion in awarding this amount to Donna for Richard's late payment of the judgment amount.

Judgment affirmed.

SHARPNACK, C.J., and VAIDIK, J., concur.