In re the Marriage of Robert ROVAI, Appellant–Respondent,

v.

Ann Marie ROVAI, Appellee–Petitioner.

No. 45A03–0712–CV–600.

Court of Appeals of Indiana.

Aug. 4, 2008.

---

George P. Galanos, Crown Point, IN, Attorney for Appellant.

James J. Nagy, Munster, IN, Attorney for Appellee.

## OPINION

SULLIVAN, Senior Judge.

Robert Rovai (Husband) challenges the dissolution decree dissolving his marriage with AnnMarie Rovai (Wife) insofar as it pertains to the distribution of the marital assets and liabilities. More particularly, Husband makes three claims which we rephrase as follows:

(1) The court erred in specifically determining that the monetary award to husband as reduced to judgment was payable "without judgment interest." (App. at 6);

(2) The court erred in conditioning payment of the monetary judgment to husband on any of three occurrences, two of which were within wife's control; and

(3) The court erred in apportioning federal and state tax refunds for three years according to the respective incomes of the parties for the particular year.

The dissolution court determined that an equal 50–50 distribution of assets and liabilities was appropriate. In doing so the court calculated that to equalize the distri-

bution a net monetary award of $36,090.57 was owed by wife to husband. The court reduced that amount to judgment but specifically directed that it was payable without interest.

The court further ordered that the monetary award to husband was payable upon the occurrence of any of three conditions. These conditions were that both children become emancipated, that wife voluntarily sells the marital home awarded to her, or that wife marries or co-habits with someone else in the marital home. At the time of the October, 2007 decree, one of the two children was age 13 and the other was six years old. The clear effect of setting forth the three possible conditions was to delay the due date for payment of the judgment.

The court also determined that the parties were due joint tax refunds of $5,500 for 2004, $5,888 for 2005 and $8,253 for 2006. Those amounts were apportioned between the parties according to their respective incomes for the particular year.

## I

### *Post–Judgment Interest*

█ Both parties cite to I.C. 24–4.6–1–101, which provides, "Except as otherwise provided by statute, interest on judgments for money whenever rendered shall be from the ... finding of the court until satisfaction at: [eight percent]."

█ Husband takes the clear-cut position that interest is payable upon all money judgments. Wife, on the other hand maintains that the statute merely establishes a rate at which interest is to be charged upon a money judgment not that interest upon a judgment must be charged. She finds support in I.C. 31–15–7–4(b)(2) which specifies that in making a dissolution property distribution the court may "require either spouse to pay an amount, either in gross or in installments that is

just and proper." Wife is correct in stating that in determining to order payment of such amount, the court acts within its discretion. It is not correct, however to thereby reach a conclusion that the court has discretion to award or deny interest upon any such award reduced to judgment.

Wife relies principally on *In Re Marriage of Merrill*, 455 N.E.2d 1176 (Ind.Ct. App.1983). In that case, there was a monetary award to wife for husband to pay $10,000 in annual installments of $1000. That award was not reduced to judgment. The court there held that whether a lump sum award payable in installments will bear interest rests within the sound discretion of the trial court.

Because the *Merrill* award was not reduced to a judgment, at first glance, one might logically argue that that case is distinguishable. *See Williamson v. Rutana*, 736 N.E.2d 1247 (Ind.Ct.App.2000) (holding that a monetary award in a dissolution decree is a "judgment").

Husband correctly cites to *Grubnich v. Renner*, 746 N.E.2d 111 (Ind.Ct.App.2001), *trans. denied* for the proposition that the right to post-judgment interest is statutorily mandated for money judgments and that the court need not specify that the judgment award bears interest.

█ He also appropriately observes that pursuant to *Williamson*, and as noted above, a monetary award to one of the spouses in a dissolution decree constitutes a "judgment" even though the court delayed the obligation for payment to a future date or conditioned payment upon a future event. In that case, however, interest was awarded only from the time that husband failed to make the ordered payments *when due*. Interest was not awarded from the date of the dissolution decree. The lesson derived from *Williamson* is therefore that if the due date for payment

of the judgment, as set forth in the judgment itself, is delayed to some date in the future, the court may award post-judgment interest from the time of the due date if the payment is not made. Interest is not mandated upon the judgment from the time of the decree.[1]

This proposition is confirmed in *Goossens v. Goossens*, 829 N.E.2d 36 (Ind.Ct. App.2005). In that case, this court discussed the numerous case precedents with respect to a deferred monetary award in dissolution proceedings. The court, with one judge dissenting, and citing *Williamson*, held that the trial court did not err in failing to award interest upon the award from the date of the decree. The opinion reiterated that interest was mandatory only from the date that the deferred payments were due.

We now hold that the dissolution court did not err in failing to award post-judgment interest dating from the entry of the decree.[2]

## II.

### *Conditions of Payment of Award*

■ Husband asserts that because payment of the monetary award is conditioned upon the occurrence of future events such runs afoul of *Caddo v. Caddo*, 468 N.E.2d 593 (Ind.Ct.App.1984) and the oft-stated principle that property rights be settled with certainty at the time of the dissolu-

tion. The principle was stated somewhat differently in *Harris v. Harris*, 690 N.E.2d 742, 744 (Ind.Ct.App.1998), wherein the court held, "The trial court must dispose of all the marital property in one final settlement. (citation omitted). No part of the distribution may be conditioned upon a subsequent change of circumstances."

We do not discern that fixing the date upon which an ordered distribution of the marital property is to be carried out violates the principle that property rights be settled with certainty at the time of the dissolution. Neither do we perceive that the ordered distribution is to be changed by a subsequent change in circumstances.

The decree itself has made a total and certain distribution of all the marital property to the respective parties in a precise form and manner. Only the carrying out of the distributive order remains partially unfulfilled.

We hold no cause for reversal in this regard has been shown.

## III.

### *Distribution of Tax Refunds*

■ As earlier noted, the court ordered that the tax refunds for 2004, 2005 and 2006 be apportioned between the parties in accordance with the incomes of the respective parties for each such year. Husband's argument is confined to one sentence,

---

1. In *Zoller v. Zoller*, 858 N.E.2d 124 (Ind.Ct. App.2006) a panel of this court observed that a trial court may within its discretion prohibit future installments from accruing interest until they become presently due but that a court also acts within its discretion when it requires future installments to accrue interest before they become presently due. Such interest may be awarded from the date of the judgment.

2. We recognize that our analysis of the case law with regard to interest upon judgments

reflects a difficulty, if not an inability, to completely reconcile the various holdings. On the one hand, there is a line of cases which categorically states that interest is statutorily mandated upon money judgments. They appear to recite a bright-line principle without contemplating exceptions. On the other hand, we have cited cases which acknowledge exceptions to the rule and vest the trial court with discretion in such instances. As noted, we have chosen to follow the latter line of precedent.

without citation to authority, that such distribution is counter to the equal 50–50 distribution ordered by the court. Wife refers to I.C. 31–15–7–5 for the proposition that the presumption in favor of an equal division of property may be rebutted by evidence of the contribution of each spouse to the acquisition of the property. She avers that this is precisely what the court did with respect to acquisition of the tax refund amounts.

In his reply brief, however, husband contends that in making a deviation from the presumptive equal split as to the tax refunds, the court did not state its reasoning. No authority is cited for this assertion. The fact remains that the evidence clearly reflects that the respective incomes of the parties determined the amounts of the refunds. The resultant distribution split was a simple mathematical calculation. We find such to be a just and reasonable distribution of that particular asset even in light of the court's decision to distribute the other marital property according the presumptive equal distribution under the statute.[3]

We conclude that the court did not err with regard to any of the issues presented by husband upon appeal; accordingly, we affirm the judgment of the court.[4]

MAY, J., and MATHIAS, J., concur.

3. Husband challenges wife's citation to IC 31–15–7–7 dealing with consideration of tax consequences of the property distribution. It may have been that she believed assets consisting of tax refunds fell within the provision. However, the "tax consequences" contemplated are only those which are directly and necessarily incurred as a result of the property distribution itself. *Knotts v. Knotts*, 693 N.E.2d 962 (Ind.Ct.App.1998), *trans. denied.* Although state tax refunds may have to be reported as income in the year received, we do not deem such "tax consequences" to be in the nature of those contemplated with respect to I.C. 31–15–7–7. In any event, the latter statute does not dilute the validity of the ordered distribution pursuant to IC 31–15–7–5.

4. Wife has requested an award of attorney fees pursuant to Appellate Rule 66(E). We respectfully decline that request because although husband had not succeeded upon the merits of his appeal, we determine that the appeal is not frivolous or in bad faith.