ATTORNEY FOR APPELLANT
George P. Galanos
Crown Point, Indiana

ATTORNEY FOR APPELLEE
James J. Nagy
Munster, Indiana



## In the
## Indiana Supreme Court

No. 45S03-0812-CV-00628

ROBERT ROVAI,

*Appellant (Respondent below),*

v.

ANN MARIE ROVAI,

*Appellee (Petitioner below).*

Appeal from the Lake County Circuit Court, No. 45C01-0604-DR-316
The Honorable Lorenzo Arredondo, Judge
The Honorable Cheryl Williamson, Magistrate

On Petition to Transfer from the Indiana Court of Appeals, No. 45A03-0712-CV-00600

**September 2, 2009**

**Shepard, Chief Justice.**

Employing an arrangement relatively common to dissolution decrees, the trial court awarded the marital residence to the wife and ordered her to pay husband a share of its value when any one of certain later events occur. Husband argues that the statute on civil judgments entitles him to post-judgment interest running from the date of the dissolution decree. We hold instead that the dissolution statutes authorize a court to assess interest, or not, in the course of fashioning a just division of assets.

## Facts and Procedural History

Robert Rovai and Ann Marie Rovai married in 1990, and they had two children. Ann Marie filed for a divorce in 2006. The trial court issued the decree of dissolution on October 23, 2007, providing among other things that the marital assets "shall be distributed equally between the parties with each party receiving one-half of the Marital Assets." (App. at 14-18.) The court determined that the marital assets, with valuations as stipulated by the parties, totaled $121,893.00. Each party was scheduled to receive one-half of the marital assets in the amount of $60,946.50. The trial court awarded each spouse their respective annuities and pensions and awarded the marital residence to Ann Marie.

After assigning various marital debts to each of the parties, the court undertook to equalize the distribution and determined that Ann Marie owed Robert a net monetary award of $36,090.57 (representing Robert's share of the net marital estate after taking into consideration the off-sets). (App. at 16-17.) The trial court determined that this amount should be reduced to a judgment. It then ordered Ann Marie to pay this amount to Robert when: (1) both children become emancipated; (2) Ann Marie voluntarily sells the marital home; or (3) Ann Marie cohabits with someone else in the marital home. In doing so, the court explicitly stated, "this amount is reduced to *judgment without interest*." (App. at 17 (emphasis added).) At the time of the decree, the two children were roughly six and thirteen years of age.

The trial court also determined that the parties were to receive federal and state income tax refunds totaling of $5,500 for 2004, $5,888 for 2005, and $8,253 for 2006. It apportioned these amounts between the parties according to their respective income shares for each particular year.

Robert appealed. Recognizing that its precedents on post-judgment interest in dissolution cases were in some tension, the Court of Appeals affirmed. Rovai v. Rovai, 891 N.E.2d 177, 180

2

(Ind. Ct. App. 2008). We granted transfer to clarify this issue. 898 N.E.2d 1231 (Ind. 2008) (Table).

## Post-Judgment Interest

Robert argues that the trial court erred when it reduced his monetary award to judgment without judgment interest. (Appellant's Br. at 9-10.) He specifically contends is that he is entitled to post-judgment interest as a matter of law in accordance with Ind. Code § 24-4.6-1-101 (2008). Ann Marie argues, by contrast, that an award of interest is within the court's discretion and that here the court's decision was made in a just and reasonable manner pursuant to Ind. Code § 31-15-7-4(b)(2) (2008), which provides that the court shall divide the property by "setting the property or parts of the property over to one (1) of the spouses and requiring either spouse to pay an amount, either in gross or in installments, that is just and proper." (Appellee's Br. at 2.)

The statute on post-judgment interest reads: "Except as otherwise provided by statute, interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until satisfaction at: . . . eight percent." I.C. § 24-4.6-1-101. We have observed that this statute serves as "an incentive on the part of judgment debtors to satisfy expeditiously their debt obligations to avoid this accrual of interest." Poehlman v. Feferman, 717 N.E.2d 578, 583 (Ind. 1999).

Robert contends that this statute "makes it mandatory that post-judgment interest be imposed on all money judgments," citing Grubnich v. Renner, 746 N.E.2d 111 (Ind. Ct. App. 2001). (Reply Br. at 2.)

In Grubnich, the patient won a jury verdict for dental malpractice and asked the trial court to award post-judgment interest three years after final judgment. Our Court of Appeals determined that interest attached to a judgment for money damages by operation of law and said that "the trial court is not required to include an order for post-judgment interest in its judgment."

3

Grubnich, 746 N.E.2d at 114 (citations omitted).  Robert likewise relies on Williamson v. Rutana, 736 N.E.2d 1247 (Ind. Ct. App. 2000) (statute supports ordering interest when lump sum payments in divorce decree are tardy).

Ann Marie, on the other hand, contends that Ind. Code § 24-4.6-1-101 establishes only a rate of interest to be charged upon a judgment for money, not that interest on a judgment must be charged.  (Appellee's Br. at 4.)  She cites In re the Marriage of Merrill, 455 N.E.2d 1176 (Ind. Ct. App. 1983), which holds that an award of interest in a marital dissolution is subject to the discretion of the trial court.

The decree in Merrill ordered the husband to pay the wife $10,415 through yearly installments of $1,000 and a final installment of $415.  Id. at 1177.  On appeal, the wife argued that the trial court erred by failing to order interest on the unpaid balance of the husband's debt. The Court of Appeals disagreed and held that "the decision whether a lump sum award payable in installments will bear interest rests within the sound discretion of the trial court."  Id. at 1178. The court reasoned, "We presume that trial courts are aware of the time value of money and take it into consideration when dividing property and deciding whether interest should be awarded." Id.

Cleanly put, the question is whether the statute directing interest on money judgments compels post-judgment interest be paid whenever money changes hands pursuant to a dissolution decree, or whether the dissolution statutes grant a court discretion to impose interest, or not, in the course of fashioning what the latter calls a "just and reasonable" division of property.  I.C. § 31-15-7-4.

In the law's historic divide between law and equity, there may be few purer illustrations than a civil judgment for money damages on the one hand and a dissolution decree on the other. We see little reason for transporting the post-judgment interest statute into the equitable world of dissolutions, where some court orders look a good deal like civil judgments and others bear no resemblance.

4

In a straight civil judgment, post-judgment interest and the time value of money bear such a straightforward relationship that courts are led to deploy adages like "interest goes with the principal as the fruit with the tree." Reese v. Reese, 696 N.E.2d 460, 463 (Ind. Ct. App. 1998). By contrast, judicial decrees that assign debts, personal property, and real estate represent a more complex allocation of economic values. To these are added orders that reflect social objectives, such as enabling children and the leading custodian to continue living in the marital residence.

In such judicial decrees (and we rate the one before us as quite typical), where courts allot everything from physical objects to responsibility for debts of differing character to conditional rights of residence, the time value of money acquires a much more nuanced meaning than it does when a court hears a credit card collection case and says, "Judgment for $5,800."

We conclude that the statute on civil post-judgment interest does not compel that interest run on the various internal elements of dissolution decrees. Rather, the dissolution statutes confer upon trial courts the authority to order interest or not in the course of fashioning a just and reasonable division of property.

**Conclusion**

The Court of Appeals having appropriately disposed of Robert's other allegations of error, Ind. Appellate Rule 58(A), we affirm the trial court.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.