

FILED

Mar 18 2019, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Marvin Mitchell
Richard J. Dick
Mitchell Dick McNelis, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Brian K. Zoeller
Julie Andrews
Casandra L. Ringlespaugh
Nicole Makris
Cohen & Malad, LLP
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dina Hasten Cohen,<br>*Appellant-Respondent,*<br><br>v.<br><br>Itamar Cohen,<br>*Appellee-Petitioner.* | March 18, 2019<br><br>Court of Appeals Case No.<br>18A-DR-2139<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Timothy W.<br>Oakes, Judge<br><br>Trial Court Cause No.<br>49D02-1612-DR-44346 |

**Mathias, Judge.**

[1] Dina Hasten Cohen ("Wife") appeals the order of the Marion Superior Court dissolving her marriage to Itamar Cohen ("Husband") and distributing the assets of the marital estate between them. The trial court ordered Husband to pay Wife an equalization payment of $922,275.10, to be paid at the rate of

$6,000 per month for seventy-two months, with an additional balloon payment of $490,250.10 within six years. The trial court further ordered that no interest be paid so long as Husband made timely payments, but that interest would accrue if Husband missed any payments. Wife appeals and argues that the trial court legally erred by failing to include a provision for the payment of interest in its decree.

[2] We affirm.

## Facts and Procedural History

[3] As Wife has failed to provide us with a transcript of the proceedings below, we derive our statement of the facts from the trial court's dissolution decree. Husband and Wife were married in March 1999. The marriage produced four children, who at the time of the dissolution decree were aged eighteen, thirteen, ten, and three.

[4] On December 19, 2016, Husband filed a petition for dissolution of his marriage to Wife. Fortunately, all issues relating to the children were resolved by the parties' Settlement Agreement as to Custody, Parenting Time, Child Support, and Child Related Matters, which the trial court approved on December 6, 2017. The parties disagreed, however, on how to distribute the assets of the marital estate. Accordingly, on March 7 and 8, 2018, the trial court held an evidentiary hearing on this issue. On August 8, 2018, the trial court entered its dissolution decree, awarding to Husband several income-producing commercial properties and awarding the marital residence to Wife. The income-producing

properties represented a substantial portion of the marital estate. Therefore, the trial court ordered Husband to pay to Wife an equalization payment as follows:

> The balance of the above leaves the Husband with a net of $2,070,180.40 and Wife $225,630.21, for difference of $1,844,550.20. Therefore, the Court seeing no reason to deviate from the statutory presumptive of a 50/50 asset split DECREES the Wife shall be awarded a judgment against Husband in the amount of $922,275.10 to be repaid at a rate of $6,000 per month for seventy-two (72) months, along with a balloon payment of $490,275.10 []on or before the end of the six (6) years. So long as all payments are made by the 1st of each month no interest shall accrue on those payments, but if any payments are missed the judgment begins accruing statutory interest.

Appellant's App. p. 22. Wife now appeals.

# Standard of Review

[5] A trial court must divide the property of the parties to a marital dissolution in a just and reasonable manner. *Webb v. Schleutker*, 891 N.E.2d 1144, 1153 (Ind. Ct. App. 2008) (citing Ind. Code § 31-15-7-4(a)). An equal division of marital property is presumed to be just and reasonable. *Id*. (citing Ind. Code § 31-15-7-5). Decisions concerning the division and distribution of marital assets lie within the sound discretion of the trial court. *Fischer v. Fischer*, 68 N.E.3d 603, 608 (Ind. Ct. App. 2017), *trans. denied* (citing *Keown v. Keown*, 883 N.E.2d 865, 868 (Ind. Ct. App. 2008)). On appeal, we review the trial court's decision only for an abuse of that discretion. *Id*. A trial court abuses its discretion only when its decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*. When we review a challenge to the trial court's division of

marital assets, we consider only the evidence most favorable to the trial court's disposition, and we will neither reweigh the evidence nor assess the credibility of witnesses. *Id*.

## Discussion and Decision

Wife argues on appeal that the trial court erred by ordering Husband to pay her an equalization payment over a period of six year without including an award of interest unless Husband fails to timely make a payment. Wife argues that by failing to include a provision for interest, the trial court's order fails to take into consideration the time value of money, the risk of non-payment, and inflation. Wife contends that, when taking these factors into consideration, the total amount of future payments is not equal to the present value of those payments.

It has long been held that the question of "whether a lump sum award payable in installments will bear interest rests within the sound discretion of the trial court." *In re Marriage of Merrill*, 455 N.E.2d 1176, 1177 (Ind. Ct. App. 1983) (citing *Van Riper v. Keim*, 437 N.E.2d 130, 131–132 (Ind. Ct. App. 1982)). Indeed, as noted in *Van Riper*, our supreme court held over one hundred years ago that "a decree awarding deferred payments of alimony in gross[1] is satisfied by timely payment of the installments, without interest, unless interest is

---

[1] "Alimony in gross" means a certain sum, payable in one or more installments, and is generally considered to be a division of property. *Van Riper,* 437 N.E.2d 130, 132 n.1 (citing *Hicks v. Fielman*, 421 N.E.2d 716, 721 (Ind. Ct. App. 1981)). Alimony in gross is thus distinct from periodic alimony, which consists of payments of support, subject to modification or termination. *Id*.

required by the decree." *Id*. (citing *Winemiller v. Winemiller*, 114 Ind. 540, 17 N.E. 123, 124 (1888)). We presume on appeal that that "trial courts are aware of the time value of money and take it into consideration when dividing property and deciding whether interest should be awarded." *Merrill*, 455 N.E.2d at 1177–78.

[8] Wife acknowledges that an award of interest is discretionary, but she argues that the trial court's failure to award interest effectively awards her a share of the marital estate less than the one-half that the trial court found just and reasonable. That is, she contends that, if a trial court declines to award interest when payments are time delayed, then the trial court has not truly awarded an equal share.

[9] Wife's argument is based on the time value of money. Simply put, the time value of money recognizes the economic reality that a given sum of money today is worth more than the same amount in the future.[2] Interest represents the time value of money. *Indianapolis Pub. Hous. Agency v. Aegean Const. Servs., Inc.*, 755 N.E.2d 237, 241 (Ind. Ct. App. 2001) (citing *Reese v. Reese*, 696 N.E.2d 460,

---

[2] One source summarizes the time value of money as follows:

> Time value of money . . . is the idea that money that is available at the present time is worth more than the same amount in the future, due to its potential earning capacity. This core principle of finance holds that provided money can earn interest, any amount of money is worth more the sooner it is received. One of the most fundamental concepts in finance is that money has a time value attached to it. In simpler terms, it would be safe to say that a dollar was worth more yesterday than today and a dollar today is worth more than a dollar tomorrow.

*"What is the Time Value of Money," Money Counts: A Penn State Financial Literacy Series*, available at: https://psu.instructure.com/courses/1806581/pages/introduction-what-is-time-value-of-money.

463 (Ind. Ct. App. 1998), *trans. denied*). If there is no provision for interest, the value of a promise to pay money in the future can be determined using a discount rate. *See Interest Rate*, Black's Law Dictionary (10th ed. 2014) (defining "discount rate" as "the interest rate used in calculating present value.").

[10]     In the present case, using the 8% statutory interest rate as our discount rate, the present value of the $490,275.10 balloon payment that is due in six years is $308,956.48. And the present value of seventy-two monthly payments of $6,000 is not the future value of $432,000, but $342,207.13. Thus, Wife argues that she has, in reality, been awarded only $651,163.61, not the $922,275.10 stated by the trial court. In raw mathematical terms, Wife's argument has some appeal.

[11]     Indeed, our courts have acknowledged the time value of money in dissolution cases. For example, in *Burkhart v. Burkhart*, 169 Ind. App. 588, 594, 349 N.E.2d 707, 711 (1976), the husband was ordered to pay the wife various payments over time as part of the distribution of assets. The husband appealed and, using the total value of all future payments, argued that the wife received over 69% of the marital assets. *Id*. We rejected this claim, holding that "[t]he more proper way to determine the value of the assets transferred to the Wife is to consider the present value of the given annuity, not the total of all future payments." *Id*. at 593, 349 N.E.2d at 711. Using a six-percent discount rate to calculate the present value of the payments to the wife, the court concluded that she was in fact awarded only 41% of the marital estate. *Id*. at 594, 349 N.E.2d at 712.

[12] Subsequent cases followed the *Burkhart* holding. *See Whaley v. Whaley*, 436 N.E.2d 816, 820–21 (Ind. Ct. App. 1982) (holding that trial court should have discounted to its present value a $137,200 judgment in favor of wife payable over a period of 120 months without interest); *Wilson v. Wilson*, 409 N.E.2d 1169, 1175 (Ind. Ct. App. 1980) (holding that trial court failed to properly take time value of money into account when it awarded wife judgment of $60,500, payable in monthly installments of $500 over 121 months and concluding that, on remand, trial court should discount the payments to their present value); *see also In re Marriage of Davis*, 182 Ind. App. 342, 349, 395 N.E.2d 1254, 1259 n.2 (1979) (noting that trial court discounted $100,000 cash award to wife to its present value pursuant to *Burkhart* holding).

[13] Indiana courts have also acknowledged the time value of money in cases outside the context of the distribution of marital assets. *See Christopher R. Brown, D.D.S., Inc. v. Decatur Cty. Mem'l Hosp.*, 892 N.E.2d 642, 646 (Ind. 2008) (noting that Indiana has long recognized the time value of money and has acknowledged that, in order to achieve full compensation for the loss of use of property, a claimant has the right to be paid pre-judgment interest on sums owed that are belatedly paid); *Gregory & Appel Ins. Agency v. Philadelphia Indem. Ins. Co.*, 835 N.E.2d 1053, 1063 (Ind. Ct. App. 2005) (noting that the purpose of the pre-judgment interest statute is to encourage settlement and to compensate the plaintiff for the lost time value of money), *trans. denied*; *In re Paternity of A.D.W.*, 693 N.E.2d 576, 580 (Ind. Ct. App. 1998) (recognizing the time value of money by noting that the present value of $10.00 weekly installments was

substantially less than arrearage of $11,774); *Griffin v. Acker*, 659 N.E.2d 659, 663 (Ind. Ct. App. 1995) (agreeing with the general statement that present value is a proper consideration in the determination of an appropriate award but holding that this court will not presume to dictate a proper discount rate for present value purposes), *trans. denied*.

[14] All of this would seem to favor Wife's argument that the trial court should have included a provision for interest in its equalization payment schedule, or if not, award her a greater share of the marital estate to reflect the present value of the future money. Were we writing on a clean slate, we might be inclined to agree with Mother's economic and policy arguments. But we consider ourselves bound by our supreme court's holding in *Rovai v. Rovai*, 912 N.E.2d 374 (Ind. 2009).

[15] In *Rovai*, the trial court's dissolution decree provided that the marital assets, which totaled $121,893, were to be distributed equally, with both parties receiving $60,946.50. The trial court also awarded the parties their respective retirement accounts, but awarded the marital residence to the wife. After distributing the marital debts, the trial court ordered the wife to make an equalization payment in the amount of $36,090.57. The trial court reduced this amount to a judgment and ordered the wife pay this amount to the husband when any of the following occurred: "(1) both children become emancipated; (2) [the wife] voluntarily sells the marital home; or (3) [the wife] cohabits with someone else in the marital home." *Id*. at 375. The trial court explicitly stated that "'this amount is reduced to *judgment without interest*.'" *Id*. (emphasis in

original) (record citation omitted). The children were aged six and thirteen at the time of the decree. *Id.* Thus, the payment could have been due as late as twelve years from the date of the order.

[16] On appeal, a panel of this court affirmed but acknowledged that there was some conflict in our precedents on the matter. *Rovai v. Rovai*, 891 N.E.2d 177, 180 (Ind. Ct. App. 2008), *trans. granted*. On transfer to our supreme court, the husband argued that he was entitled to post-judgment interest as a matter of law under Indiana Code section 24-4.6-1-101, which generally provides for post-judgment interest in civil cases.[3] The wife argued that an award of interest in dissolution cases was within the discretion of the trial court and that the trial court's decision not to award interest was made pursuant to Indiana Code section 31-15-7-4(b)(2), which provides that the court "shall divide the property in a just and reasonable manner by . . . setting the property or parts of the property over to one (1) of the spouses and requiring either spouse to pay an amount, either in gross or in installments, that is just and proper."

---

[3] This statue provides:

> Except as otherwise provided by statute, interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until satisfaction at:
>> (1) the rate agreed upon in the original contract sued upon, which shall not exceed an annual rate of eight percent (8%) even though a higher rate of interest may properly have been charged according to the contract prior to judgment; or
>> (2) an annual rate of eight percent (8%) if there was no contract by the parties.

I.C. § 24-4.6-1-101.

[17]     Our supreme court framed the question before it as:

> whether the statute directing interest on money judgments
> compels post-judgment interest be paid whenever money changes
> hands pursuant to a dissolution decree, or whether the
> dissolution statutes grant a court discretion to impose interest, or
> not, in the course of fashioning what the latter calls a "just and
> reasonable" division of property.

*Rovai*, 912 N.E.2d at 376 (quoting I.C. § 31-15-7-4). The court answered this

question as follows:

> In the law's historic divide between law and equity, there may be
> few purer illustrations than a civil judgment for money damages
> on the one hand and a dissolution decree on the other. **We see
> little reason for transporting the post-judgment interest statute
> into the equitable world of dissolutions**, where some court
> orders look a good deal like civil judgments and others bear no
> resemblance.
>
> In a straight civil judgment, post-judgment interest and the time
> value of money bear such a straightforward relationship that
> courts are led to deploy adages like "interest goes with the
> principal as the fruit with the tree." *Reese v. Reese*, 696 N.E.2d
> 460, 463 (Ind. Ct. App. 1998). **By contrast, judicial decrees that
> assign debts, personal property, and real estate represent a
> more complex allocation of economic values.** To these are
> added orders that reflect social objectives, such as enabling
> children and the leading custodian to continue living in the
> marital residence.
>
> In such judicial decrees (and we rate the one before us as quite
> typical), where courts allot everything from physical objects to
> responsibility for debts of differing character to conditional rights
> of residence, **the time value of money acquires a much more**

**nuanced meaning** than it does when a court hears a credit card collection case and says, "Judgment for $5,800."

**We conclude that the statute on civil post-judgment interest does not compel that interest run on the various internal elements of dissolution decrees. Rather, the dissolution statutes confer upon trial courts the authority to order interest or not in the course of fashioning a just and reasonable division of property.**

*Id.* (emphases added).

[18] The present case is on all fours with *Rovai*. The court in that case, as in the present case, ordered an equal division of the marital assets. It also ordered, as the trial court did here, one party to make an equalization payment to the other. Although there was no provision in *Rovai* for payment by installment, the wife did not have to pay until some point in the future. The same is true here, as Wife will not receive the full amount of the equalization payment until six years have passed. And the decree here, as in *Rovai*, did not call for interest even though the equalization payment was reduced to a judgment. Despite this, the *Rovai* court did not hold that interest was required in such a situation; to the contrary, it affirmed that, in such situations, the decision of whether to award interest is within the discretion of the trial court.

[19] Thus, contrary to Wife's claims, the trial court was not required as a matter of law to include an award of interest when it reduced the equalization payment to a judgment. Instead, the decision to award interest, or not, was wholly within the discretion of the trial court.

[20] To the extent that Wife argues that the trial court abused its discretion in failing to award interest under the particular facts of this case, we disagree. We first note that Wife has failed to provide us with a transcript of the hearings before the trial court. Thus, we are unable to review any evidence Wife presented in support of a discretionary award of interest. Nor do the facts in the record before us establish any abuse of discretion on the part of the trial court. Wife will still receive $6,000 per month, plus a very large balloon payment. She will be paid in full within six years, and if Husband is late on any of the payments, interest will then accrue. Such an arrangement was well within the equitable discretion of the trial court in dividing the martial estate.

## Conclusion

[21] Under the facts and circumstances of the present case, and given our supreme court's holding in *Rovai*, we cannot say that the trial court abused its considerable discretion when it failed to include an award of interest in the equalization payments the court ordered Husband to pay to Wife. We therefore affirm the judgment of the trial court.

[22] Affirmed.

Vaidik, C.J., and Crone, J., concur.