## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 16 2020, 9:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrea L. Ciobanu
Ciobanu Law, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Angela Field Trapp
Trapp Law, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jennifer Spivey, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Charles Spivey, <br> *Appellee-Respondent* | December 16, 2020 <br><br> Court of Appeals Case No. <br> 20A-DC-845 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable David J. Dreyer, Judge <br><br> The Honorable Patrick Murphy, Magistrate <br><br> Trial Court Cause No. <br> 49D10-1707-DC-29037 |

**Crone, Judge.**

# Case Summary

[1] Jennifer Spivey (Wife) petitioned to dissolve her marriage to Charles Spivey (Husband). During the proceeding, Wife filed a petition to hold Husband in contempt of a provisional order. After a factfinding hearing, the trial court entered a dissolution decree in which it valued and divided marital assets but did not rule on Wife's contempt petition. On appeal, Wife argues that the trial court erred in conflating Husband's retirement account with the parties' pensions and in failing to rule on her contempt petition. We agree with Wife and therefore reverse and remand.

# Facts and Procedural History

[2] Wife and Husband were married in 1984, and Wife petitioned to dissolve the marriage in 2017. In October 2017, the parties entered into an agreed provisional order that gave Wife "sole possession of the former marital residence" and provided that, "[i]n the event of unexpected repairs, [Wife] must immediately notify [Husband], so that they can negotiate the repair and/or hire contractors to fix it." Appellant's App. Vol. 2 at 23. In March 2019, Wife filed a filed a petition for contempt alleging that she contacted Husband "on numerous occasions regarding […] unexpected repairs" and that Husband "failed to communicate with [her] regarding the repairs." *Id*. at 33.

[3] In December 2019, the trial court held a final hearing, during which it heard evidence on Wife's contempt petition and the value of marital assets, among other things. At the time of the hearing, Husband was employed with the

United States Postal Service, and Wife was not employed and was receiving Social Security Supplemental Income (SSI). Wife and Husband each has a vested pension, from which they are not currently receiving payments. No evidence was presented regarding the pensions' present value, but Husband testified that his monthly pension payment would be roughly equal to Wife's pension payment plus her SSI payment. Tr. Vol. 2 at 97-98. Husband also has a defined benefit retirement account with a value of $272,826.99. Ex. Vol. 1 at 188 (Respondent's Ex. K). Husband submitted a list of requests that reads in pertinent part,

> 19. [Husband] works [sic] as a postal carrier for the United States Postal Services [sic] for twenty-seven (27) years on the date of filing. [Husband] seeks to keep his entire pension earned at the United States Postal Service.
>
> 20. [Wife] shall keep her pension earned through the Naval Aviaonics [sic] for eighteen (18) years of service, plus [Wife's] Social Security payments of $380.000 per month.
>
> 21. [Husband] shall receive from his Postal Service Retirement Account a total of $155,190.16 from his retirement account [sic]. [Wife] shall receive a total of $117,636.83 from his retirement account. [Wife's] counsel shall prepare a Qualified Domestic Relations Order for the transfer with [Wife's] shares paying for all of the taxes, penalties and fines for any early distribution.
>
> 22. [Husband] agrees that an uneven distribution of the marital estate is warranted. [Husband] believes that [Wife] should receive an additional $10,000.00 more in assets to reflect any future payments of spousal support over the next two (2) years prior to [Husband's] retirement.

Ex. Vol. 2 at 34-35[1] (Respondent's Ex. HH).

[4]     In February 2020, the trial court issued a dissolution decree that reads in pertinent part,

> 26.  Personal property values are not in dispute and are reflected in Wife's exhibit #11 and Husband's exhibit V, both incorporated by reference, attached hereto, and made a part of this Order.…
>
> 27.  Each party has a vested pension, and combined value of them is $277,826.99.  The disparity in respective values is $37,554, half of which, in order to equalize the available retirement funds to each party, is $18,777.  Such is the amount required by this Court to be allocated by Husband to Wife of his USPS pension via Qualified Domestic Relations Order within thirty (30) days of this order.  Wife's counsel to prepare QDRO.
>
> 28.  The Court adopts [Wife's] allocation of assets and liabilities contained in Wife's exhibit #11, except required [sic] Husband to assume responsibility for the $10,000 loan from his parents.
>
> 29.  This division creates a net allocation advantage to Wife in the amount of $5314, which the Court further includes as a difference justified as part of temporary spousal maintenance.
>
> 30.  The Court determines that fair and reasonable temporary spousal support of $100 weekly [to] Wife until Husband retires, and Wife begins to receive her portion of the USPS retirement (referenced in paragraph #27 above).  Husband may also opt to pay this in a lump sum via deduction from his pension plan at the

---

[1] Unlike the first exhibit volume, the second volume's handwritten pagination does not match the PDF pagination, which we have cited here.

recommended $10,000 figure as temporary spousal maintenance instead of a weekly amount.

Appealed Order at 4-5. The decree says nothing about Wife's contempt petition.

Wife filed a motion to correct error, which she amended to read in pertinent part as follows:

> 3. That in the Decree of Dissolution, this Court mischaracterized the Parties' pensions and defined benefit retirement accounts. Specifically, this Court referred to the Parties' [sic] as having vested pensions totally [sic] $277,926.99 [sic].
>
> 4. That Husband has a TSP defined benefit account which totaled $277,926.99 [sic]. Prior to the hearing, Wife did not have the value of Husband's TSP and therefore, it was left off of her proposed asset/debt distribution spreadsheet and a request was made to split the account equally. Husband included the TSP on his spreadsheet; however, showed an unequal distribution of the TSP which then gave Husband $37,554.00 more of his TSP than Wife. Wife believes that this Court misunderstood the testimony in this matter and mistakenly viewed Husband's spreadsheet to show the retirement accounts listed as the total retirement accounts when it was only showing Husband's proposal on how his own TSP would be divided.
>
> 5. That in addition to Husband's TSP, both Parties had pensions. Husband's monthly pension payment is more than Wife's monthly pension payment. Husband requested at the hearing that each Party keep his or her own pension. Wife requested at the hearing that each pension be divided equally due [to] Husband's pension being substantially more than Wife's.
>
> 6. That this Court adopted Wife's Exhibit 11 with one change

which was to reallocate [Wife's] debt to Husband's parents over to Husband. Exhibit 11 was Wife's spreadsheet regarding assets/debts and did not include the TSP or the pension.

7. That Wife believes it was this Court's intention based on the wording of the order to accept Wife's Exhibit 11 with the one change regarding the debt to Husband's parents and that the Court further attempted to equally divide the TSP and pensions.

8. That Wife respectfully requests that this Court enter an order correcting the error regarding the TSP and pensions and enter what Wife believes is the intention of the Court which was to divide both the TSP and the pensions equally.

Appellant's App. Vol. 2 at 44-45. The trial court denied Wife's motion. Wife now appeals.

# Discussion and Decision

## Section 1 – The trial court abused its discretion in conflating Husband's retirement account with the parties' pensions.

[6] Wife contends that the trial court conflated Husband's retirement account with the parties' pensions and thereby improperly left the pensions out of the marital estate. The division and distribution of marital assets lie within the trial court's sound discretion. *Cohen v. Cohen*, 120 N.E.3d 1083, 1085 (Ind. Ct. App. 2019), *trans. denied*. "On appeal, we review the trial court's decision only for an abuse of that discretion." *Id*. "A trial court abuses its discretion only when its decision is clearly against the logic and effect of the facts and circumstances before the court." *Id*.

[7] Our factual summary clearly shows that the trial court conflated Husband's retirement account with the parties' pensions, and in doing so it improperly left the pensions out of the marital estate. Indiana Code Section 31-15-7-4(a) provides that the trial court in a dissolution action "shall divide the property of the parties, whether: (1) owned by either spouse before the marriage; (2) acquired by either spouse in his or her own right: (A) after the marriage; and (B) before final separation of the parties; or (3) acquired by their joint efforts." "Indiana law has been uniformly interpreted as requiring the trial court to divide 'all' the property of the parties, specifically prohibiting the exclusion of any assets from the scope of the court's powers to divide and award." *Nill v. Nill*, 584 N.E.2d 602, 604 (Ind. Ct. App. 1992), *trans. denied*.

[8] Indiana Code Section 31-15-7-4(b) provides that the court "shall divide the property in a just and reasonable manner[.]" The court may do so by dividing the property in kind; "setting the property or parts of the property over to one (1) of the spouses and requiring either spouse to pay an amount, either in gross or in installments, that is just and proper"; "ordering the sale of the property under such conditions as the court prescribes and dividing the proceeds of the sale"; or ordering the distribution of pension benefits "that are payable after the dissolution of marriage, by setting aside to either of the parties a percentage of those payments either by assignment or in kind at the time of receipt." *Id*.

[9] "The court shall presume that an equal division of the marital property between the parties is just and reasonable." Ind. Code § 31-15-7-5. This presumption may be rebutted by a party who presents relevant evidence that an equal

division would not be just and reasonable, such as evidence regarding "[t]he contribution of each spouse to the acquisition of the property," "[t]he economic circumstances of each spouse at the time the disposition of the property is to become effective," "[t]he conduct of the parties during the marriage as related to the disposition or dissipation of their property[,]" and "[t]he earnings or earning ability of the parties as related to: (A) a final division of property; and (B) a final determination of the property rights of the parties." *Id*. "The statutory factors are to be considered together in determining what is just and reasonable; any one factor is not entitled to special weight." *In re Marriage of Lay*, 512 N.E.2d 1120, 1125 (Ind. Ct. App. 1987).

[10] In its dissolution decree, the trial court did not specify whether an equal division of the marital property would be just and reasonable, and thus we are unable to conclusively divine the court's intent. The decree, which borrows heavily from Husband's list of requests, does not give a reason for dividing Husband's retirement account unequally,[2] and it does not actually value or divide the pensions at all.[3] In sum, we hold that the trial court abused its discretion in conflating Husband's retirement account with the parties' pensions, and therefore we reverse and remand with instructions to amend the decree accordingly. On remand, the trial court may choose to receive evidence

---

[2] Husband's testimony suggests that he proposed an unequal division based on Wife's alleged dissipation of marital assets, but the record is ambiguous on this point.

[3] Consequently, we are unpersuaded by Husband's reliance on *Quillen v. Quillen*, 671 N.E.2d 98 (Ind. 1996), and *In re Marriage of Church*, 424 N.E.2d 1078 (Ind. Ct. App. 1981).

regarding the present value of the parties' pensions, or it may rely on existing evidence regarding the projected amount of the monthly pension payments. Regardless, the amended decree must indicate whether an equal division of the marital property is just and reasonable.

## Section 2 – On remand, the trial court must rule on Wife's contempt petition.

Wife also contends that the trial court erred in failing to rule on her contempt petition. This was clearly an oversight on the trial court's part, and therefore on remand the court must rule on this issue.

Reversed and remanded.

Najam, J., and Riley, J., concur.